**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

ANSELL GRIMM & AARON, P.C.
James G. Aaron, Esq.
Anthony D'Artiglio, Esq.
Ansell Grimm & Aaron, P.C.
365 Rifle Camp Road
Woodland Park, New Jersey 07424
Tel:  (973) 247-9000
E-mail:  adartiglio@ansell.law
*Proposed Attorneys for Nostrum Laboratories, Inc.*

Order Filed on December 11, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>NOSTRUM LABORATORIES, INC.,<br><br>        Debtor. | Case No.: 24-19611<br><br>Chapter 11<br><br>Honorable John K. Sherwood, U.S.B.J. |

**FINAL ORDER (I) AUTHORIZING THE DEBTOR TO UTILIZE CASH COLLATERAL TO (A) PAY POSTPETITION ASSOCIATES' WAGES, SALARIES, OTHER COMPENSATION AND REIMBURSABLE EXPENSES, (B) CONTINUE THE ASSOCIATE BENEFITS PROGRAMS, AND (C) CONTINUE TO PAY KEY VENDORS; AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through thirty-nine (39), is

**ORDERED**.

**DATED: December 11, 2024**

Honorable John K. Sherwood
United States Bankruptcy Court

Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:      Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

Upon the Cross-Motion For Entry of an Order (I) Authorizing the Debtor to (A) Utilize

Cash Collateral to Pay Post-petition Associates Wages, Salaries, Other Compensation and

Reimbursable Associate Expenses, (B) Continue the Associate Benefits Programs, and (C)

Continue to Pay Key Vendors, and (II) Granting Related Relief (the "Cross-Motion"), and the

Court having jurisdiction to consider the Cross-Motion and the relief requested therein pursuant to

28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under

Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984,

and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of

this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and this Court having found that the Debtor's notice of the Cross-Motion was appropriate under

the circumstances and no other notice need be provided; and this Court having reviewed the Cross-

Motion before this Court (the "Hearing"); **IT IS HEREBY ORDERED THAT**:

1.      The Cross-Motion is **GRANTED**.

2.      The Debtor is authorized, but not directed, to honor and pay using cash collateral,

as such term is defined in 11 U.S.C. § 363 ("Cash Collateral"), those post-petition amounts strictly

in accordance with the Debtor's "13 Week Cash Flow Projections" and subsequent, rolling 4 week

budgets which set forth all projected cash receipts and cash disbursements following the date the

Debtor filed its bankruptcy petition (the "Petition Date"), true and correct copies of which are

annexed to this Order as **Exhibit A** (the "Initial Budget"), through and including the closure of

this Bankruptcy Case with or without a confirmed plan (the earlier of that date or the date on which

the Debtor's right to utilize Cash Collateral terminates pursuant to Section 19 hereof, shall be

7914738

Debtor:        Nostrum Laboratories, Inc.
Case No.:      24-19611 (JKS)
Caption of Order:      Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors, and (II) Granting Related Relief.

referred to herein as the "Termination Date"); provided that the Debtor shall not make any payments in excess of the amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code to any individual associate without further order of this Court; provided further that (a) the Debtor shall seek Court approval, on notice, of any modification or change that would implicate any portion of section 503(c) of the Bankruptcy Code; and (b) nothing herein shall be deemed to authorize the payment of any amounts that violate, implicate, or are otherwise subject to section 503(c) of the Bankruptcy Code.

3.      Notwithstanding anything herein to the contrary, the Debtor shall not make any non-ordinary course payments, including any bonus, incentive or severance payments to any insider (as such term is defined in section 101(31) of the Bankruptcy Code) without further order of this Court.

4.      <u>Prepetition Loan Agreement and Obligations</u>.  The Debtor shall be bound by the following stipulations (collectively, the "Debtor's Stipulations") as follows:

a.      <u>Cash Collateral</u>. Any and all of the Debtor's cash, including the Debtor's cash and other amounts on deposit or maintained in any account or accounts by the Debtor, and any amounts generated by the collection of accounts receivable or other disposition of the Prepetition Collateral, defined below, existing as of the Petition Date, and the proceeds of any of the foregoing is the Prepetition Lender's Cash Collateral.

b.      <u>Prepetition Citizens Agreements and Obligations</u>. Pursuant to (i) that certain Loan Agreement dated as of December 31, 2020 (as amended, restated, supplemented, or otherwise modified from time to time, the "Prepetition Loan Agreement"), by and among Citizens Bank, N.A. (the "Prepetition Lender" or "Citizens"), Debtor, Nostrum Pharmaceuticals, LLC ("Pharma") and Nirmal Mulye ("Mulye", and together with the Debtor and Pharma, the "Obligors"), (ii) that certain (a) Line of Credit/Term Loan Note in the maximum amount of $5,000,000, (b) Revolving Credit

3

Debtor:         Nostrum Laboratories, Inc.
Case No.:       24-19611 (JKS)
Caption of Order:     Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors, and (II) Granting Related Relief.

Note in the maximum amount of $12,000,000, and (c) Term Loan Note in the original principal amount of $5,000,000 (together, as amended, restated, supplemented, or otherwise modified from time to time, the "Prepetition Notes"), (iii) that certain Security Agreement dated December 31, 2020 (as amended, restated, supplemented, or otherwise modified from time to time, the "Prepetition Security Agreement"), and (iv) that certain UCC-1 Financing Statement filed with the New Jersey Department of the Treasury on December 31, 2020 at Filing Number 54975457 (the "UCC-1"), Investors Bank, predecessor by merger to Citizens, extended three credit facilities to Debtor: (i) a $5 million line of credit/term loan; (ii) a $12 million revolving line of credit; and (iii) a $5 million term loan (collectively, the "Prepetition Credit Facility").[1] As of the Petition Date, Debtor was justly and lawfully indebted and liable to Prepetition Lender, pursuant to the Prepetition Credit Facility, without defense, counterclaim, reduction or offset of any kind, in respect of loans made and other financial accommodations, the outstanding principal and interest of which equals $17,528,311.73.

      c.    Prepetition Credit Facility Collateral. Pursuant to the Prepetition Credit Documents, in order to secure the prepetition obligations, the Debtor granted Prepetition Lender a lien on and security interest in (the "Prepetition Liens") the Collateral (as defined in the Prepetition Security Agreement) (the "Prepetition Collateral").

      d.    Validity of Prepetition Credit Documents and Prepetition Liens. The Prepetition Credit Documents are valid and enforceable against the Debtor. The Prepetition Liens granted to Prepetition Lender in the Prepetition Collateral pursuant to and in connection with the

---

[1] The Prepetition Loan Agreement, the Prepetition Notes, Prepetition Security Agreement and all other loan and security documents executed in connection therewith, including without limitation that certain Forbearance Agreement between the Prepetition Lender, the Debtor, Pharma and Mulye, are referred to herein, collectively, as the "Prepetition Credit Documents". The documents specifically referenced herein are not a complete listing of all Prepetition Credit Documents executed by the Debtor. The Prepetition Lender is party to certain agreements with non-Debtors related to the Prepetition Credit Facility, and all rights are reserved under such agreements. Notwithstanding anything set forth herein, any liens or claims of the Prepetition Lender with respect to any non-Debtor or any of their assets shall not be affected by this Final Order.

7914738

Debtor:        Nostrum Laboratories, Inc.
Case No.:      24-19611 (JKS)
Caption of Order:       Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors, and (II) Granting Related Relief.

Prepetition Credit Documents, (i) are valid, binding, perfected, and enforceable liens and security interests in the Prepetition Collateral, (ii) are not subject, pursuant to the Bankruptcy Code or other applicable law, to avoidance, recharacterization, recovery, subordination, attack, offset, counterclaim, defense, or "claim" (as defined in the Bankruptcy Code) of any kind, and (iii) constitute the legal, valid, and binding obligation of the Debtor, enforceable in accordance with the terms of the applicable Prepetition Credit Documents.

        e.      <u>No Claims By Debtor Against the Prepetition Lender</u>.  The Debtor and its estate have no claims, objections, challenges, offsets or causes of action and/or choses in action of any kind against the Prepetition Lender, or any of its respective affiliates, agents, attorneys, advisors, professionals, officers, directors, or employees (in each case, in their respective capacities as such), including, without limitation, claims or causes of action arising under sections 502(d), 544, 545, 547, 548 and 550 of the Bankruptcy Code, or any other avoidance actions under the Bankruptcy Code or applicable state law equivalents ("Avoidance Actions").  Debtor and its estate have no claims, objections, challenges, offsets or causes of action and/or choses in action against the Prepetition Lender, or any of its respective affiliates, agents, attorneys, advisors, professionals, officers, directors, or employees (in each case, in their respective capacities as such), suspected or unsuspected on account of, arising out of, related to or concerning, whether directly or indirectly, proximately or remotely (i) the loans evidenced by the Prepetition Credit Documents, (ii) the Prepetition Credit Documents or any other documents or agreements executed in connection with the Prepetition Credit Documents, including without limitation the negotiation, review, preparation, documentation and administration of such Documents; (iii) the enforcement, protection or preservation of Prepetition Lender's rights under or in connection with the Prepetition Credit Documents or any other documents or agreements executed in connection with the Prepetition Credit Documents in any forum, whether in or out of court, whether in this Court or any other venue, (iv) any liens, claims or other rights granted to Prepetition Lender under the Prepetition Credit Documents, this Final Order or any other order entered in the above-captioned case; (v) any action, omission or inaction by Prepetition Lender whatsoever in connection with

Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:      Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors, and (II) Granting Related Relief.

any of the foregoing. Section 4 herein shall not be construed to apply to the rights of the Official Committee of Unsecured Creditors (the "Creditors' Committee") within the Challenge Period.

5.      Budget Compliance and Reporting.  The Debtor's use of Cash Collateral is limited to payment of the authorized expenses pursuant to the Initial Budget through the Termination Date and for no other purpose without the prior written consent of the Prepetition Lender or order of this Court.

  a.   Every Monday of each week following entry of this Order, commencing on December 9, 2024, the Debtor shall deliver to the Prepetition Lender and the Creditors' Committee:

     i.   an updated, "rolling" 4-week budget (the "Budget") for the Debtor; together with

     ii.  a report of (A) cash collections for the previous week, (B) cash disbursements for the previous week;

  b.   On a monthly basis, on the fifteenth (15th) day of each calendar month, or the next non-weekend or holiday thereafter, beginning December 16, 2024, the Debtor shall provide to Prepetition Lender a Borrowing Base Certificate, accompanied by an account receivable aging and inventory report, in form and content acceptable to the Prepetition Lender.

6.      Replacement Liens.  Subject to the Challenge Period and the Carve-Out, as partial adequate protection for the Debtor's use of Cash Collateral, Prepetition Lender shall be granted valid, enforceable, non-avoidable and automatically perfected post-petition priming security interests in and liens (collectively, the "Replacement Liens") on all property of the Debtor and its

6

Debtor:           Nostrum Laboratories, Inc.
Case No.:         24-19611 (JKS)
Caption of Order:        Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

estates of the type that was Prepetition Collateral, including property acquired by the Debtor and

its estates after the Petition Date, and the products, proceeds, rents and profits thereof, whether

arising from section 552(b) of the Bankruptcy Code or otherwise (the "Postpetition Collateral").

The Replacement Liens shall not be made subject to or pari passu with any lien or security interest

by any court order heretofore or hereafter entered in the Debtor's above-captioned chapter 11 case

(the "Chapter 11 Case") or any Successor Case (as defined below), and shall be valid and

enforceable against any trustee appointed in the Chapter 11 Case, upon the conversion of the

Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code, or in any other proceeding

related to any of the foregoing (any "Successor Case"), or upon the dismissal of this Chapter 11

Case or any Successor Case.  The Replacement Liens shall not be subject to sections 510, 549, or

550 of the Bankruptcy Code.

7.      Adequate Protection Superpriority Claims.  Subject to the Challenge Period and the

Carve-Out, to the extent of the diminution in value of the interests of the Prepetition Lender in the

Prepetition Collateral, Prepetition Lender is hereby granted allowed superpriority administrative

expense claims in the same priority as the Replacement Liens, to the extent provided by sections

503(b) and 507(b) of the Bankruptcy Code, in this Chapter 11 Case and any Successor Case against

the Debtor's estate against which the Prepetition Lender has allowed secured claims (collectively,

the "Adequate Protection Superpriority Claims"). The Adequate Protection Superpriority Claims

shall have priority over all administrative expense claims and unsecured claims against the Debtor

or its estates, now existing or hereafter arising, of any kind or nature whatsoever, including,

without limitation, administrative expenses of the kinds specified in or ordered pursuant to sections

7

Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:      Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 1113 and

1114 of the Bankruptcy Code.

8.      <u>Adequate Protection Payments and Protections</u>. To the extent any obligations under

the Prepetition Credit Documents as of the Petition Date ("<u>Prepetition Credit Obligations</u>") remain

outstanding, the Debtor is authorized and directed to provide adequate protection payments to

Prepetition Lender in the form of payments of monthly payments, which shall be due on the Fourth

Friday of each calendar month, including December 27, 2024, of interest at the non- default

contract rate in accordance with the Prepetition Credit Documents, in the amount of $50,000.00.

The payments authorized hereby shall be made by, and the Prepetition Lender is authorized to,

debit of such amounts from Debtor's account ending in x7501 maintained with Prepetition Lender.

The Prepetition Lender reserves the right to assert a claim for the reasonable, documented fees and

expenses of Prepetition Lender, whether such fees and expenses are incurred prior to or after the

Petition Date and default interest or that default interest should be paid as adequate protection, in

each case retroactive to the Petition Date, and the Debtor and the Creditors' Committee reserve

their rights to challenge and dispute such claim in the manner set forth in Section 30 of this Final

Order. The obligation to make the foregoing payments shall continue regardless of whether such

amounts appear in the Initial Budget. If the foregoing payments are determined by a final order of

this Court not to be authorized under section 506 of the Bankruptcy Code, the Court may order

that such payments be recharacterized as payments of principal under the Prepetition Credit

Facility.

9.      <u>Replacement Lien Perfection</u>. This Final Order shall be sufficient and conclusive

7914738

Debtor:            Nostrum Laboratories, Inc.
Case No.:          24-19611 (JKS)
Caption of Order:    Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors, and (II) Granting Related Relief.

evidence of the validity, perfection, and priority of the Replacement Liens without the necessity of filing or recording any financing statement, deeds of trust, mortgages, or other instruments or documents which may otherwise be required under the law of any jurisdiction or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement or obtaining possession of any possessory collateral) to validate or perfect the Replacement Liens or to entitle the Replacement Liens to the priorities granted herein. Notwithstanding and without limiting the foregoing, Prepetition Lender may file such financing statements, mortgages, notices of liens and other similar documents as it deems appropriate, and it is hereby granted relief from the automatic stay of section 362 of the Bankruptcy Code in order to do so, and all such financing statements, mortgages, notices and other documents shall be deemed to have been filed or recorded as of the Petition Date. Notwithstanding and without limiting the foregoing provisions regarding the validity, perfection, and priority of the Replacement Liens, the Debtor shall execute and deliver to Prepetition Lender all such financing statements, mortgages, notices and other documents as Prepetition Lender may reasonably request to evidence, confirm, validate or perfect, or to insure the contemplated priority of, the Replacement Liens granted pursuant hereto. The Prepetition Lender, in its discretion, may file or record a photocopy of this Final Order as a financing statement with any filing or recording officer designated to file or record financing statements, and in such event, the filing or recording officer shall be authorized to file or record such copy of this Final Order.

10.    _Payment of Compensation._ Nothing herein shall be construed as consent to the allowance of any professional fees or expenses of the Debtor, any professional retained by the

7914738

Debtor:        Nostrum Laboratories, Inc.
Case No.:      24-19611 (JKS)
Caption of Order:      Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors, and (II) Granting Related Relief.

Debtor or the Creditors' Committee, or shall affect the right of the Prepetition Lender to object to the allowance and payment of such fees and expenses or to permit the Debtor to pay any such amounts.  Nothing herein shall prevent Debtor or the Creditors' Committee from seeking payment of any such fees and expenses in a separate or subsequent application to the Court for the periods both before and after the Termination Date.  Nothing herein shall be construed as a waiver of the allowance of any professional fees or expenses of the Debtor or any Creditors' Committee that have accrued and will continue to accrue but for which an application for payment of such fees is not sought until a later date, nor shall it prohibit the Debtor's or any Creditors' Committee professionals from seeking the allowance of any professional fees or expenses in excess of the Carve-Out set forth below.

11.   <u>Carve-Out.</u>

a.   As used herein, the "<u>Carve-Out</u>" means an amount equal to the aggregate sum of

i.   all fees required to be paid to the Office of the United States Trustee for Region 3 pursuant to 28 U.S.C. § 1930(a)(6) and all fees payable to the Clerk of the Bankruptcy Court that are incurred prior to the giving of a Default and Remedies Notice.

ii.   (A) up to $50,000 of allowed and unpaid fees, expenses and disbursements of professionals retained pursuant to Bankruptcy Code §§ 327 or 1103(a), by the Debtors and any statutory committee or other representative or professional appointed in the Bankruptcy Case incurred after the occurrence of an Event of Default not cured by Debtor within the Remedies Notice

10

Page: 11 of 44
Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:      Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

Period or waived in writing by Prepetition Lender (a "Carve-Out Event"),

plus (B) (I) up to $400,000.00 of unpaid professional fees, expenses and

disbursements of Ansell, Grimm & Aaron, P.C. allowed by this Court that

were incurred prior to the occurrence of a Carve-Out Event, less the

amounts set aside in the Professional Fee Account for Ansell Grimm &

Aaron, P.C. and reduced on a per dollar basis on account of any retainers

held by Ansell, Grimm & Aaron, P.C., and (II) up to $335,000.00 unpaid

professional fees, expenses and disbursements of the Creditors' Committee

allowed by this Court that were incurred prior to the occurrence of a Carve-

Out Event, less amounts set aside in the Professional Fee Account for the

Creditors' Committee professionals and reduced on a per dollar basis on

account of any retainers held by counsel to the Creditors' Committee;

provided, that up to $35,000 of the Carve-Out set forth in this section

ii(B)(II) shall be available to pay professional fees and expenses incurred

by the Creditors' Committee during the Challenge Period in connection

with the investigation (and not prosecution) of the liens and claims of, and

claims against, Prepetition Lender.

iii.  The allowed Advisory Fees, Expenses and Transaction Fees (as each such

term is defined in the Engagement Letter and approved in accordance with

the Order Authorizing the Employment and Retention of Raymond James

& Associates, Inc. as Investment Banker for the Debtor (the "Retention

7914738

Page 24-19611

Debtor:        Nostrum Laboratories, Inc.

Case No.:       24-19611 (JKS)

Caption of Order:       Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors, and (II) Granting Related Relief.

Order")) of the Debtor's investment banker, Raymond James & Associates, Inc., earned or incurred prior to the occurrence of a Carve-Out Event, whether allowed by this Court prior to or after the occurrence of a Carve-Out Event

iv. The allowed Transaction Fees and Expenses earned or incurred by Raymond James & Associates, Inc. after the occurrence of a Carve-Out Event that are allowed at any time (including in any cases converted to Chapter 7 of the Bankruptcy Code), in the event that Prepetition Lender benefits from Raymond James & Associates, Inc.'s services,

v. Any Advisory Fees of Raymond James & Associates, Inc. earned or incurred after the occurrence of the Carve-Out Event, to the extent Raymond James & Associates, Inc. is asked to and provides services to the Debtor, a trustee (including a Chapter 7 trustee) or examiner after the occurrence of a Carve-Out Event (absent which Raymond James & Associates, Inc. shall have no obligation to provide services after the occurrence of the Carve-Out Event),

vi. All fees required to be paid pursuant to 28 U.S.C. § 1930(a)(6) and all fees payable to the Clerk of the Bankruptcy Court for a period of 30 days after the occurrence of a Carve-Out Event; and

vii. Notwithstanding anything herein to the contrary (but, for the avoidance of doubt, subject to subsections iii-v above), Prepetition Lender retains and

12

Debtor:            Nostrum Laboratories, Inc.
Case No.:          24-19611 (JKS)
Caption of Order:      Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors, and (II) Granting Related Relief.

reserves its rights and remedies in connection with post-Carve Out Event retention of professionals as well as under 11 USC 363 and otherwise under the Bankruptcy Code.  Furthermore, for the avoidance of any doubt, no professional fees shall be duplicative or "double counted" for purposes of calculating the amount of any Carve-Out set forth herein.

b.  The Replacement Liens, Adequate Protection Superpriority Claims and the Prepetition Liens shall be subject to payment of the Carve-Out only if, and to the limited extent that, sufficient unencumbered cash on hand is not available in the estate to pay any of the administrative priority expenses specified in this Section 11 as and when such amounts become due (in which case they shall be paid from such unencumbered cash).

c.  To the extent there are funds available, prior to the Termination Date, and so long as no Carve-Out Event has occurred, the Debtor is authorized and directed to include in the Initial Budget a weekly, estimated budgeted amount of Estate Professional Fees and to direct funds to a segregated designated professional fee trust account (the "Professional Fee Account") in an amount of at least fifty percent (50%) of Estate Professional Fees budgeted for professionals retained by the Debtor or the Creditors' Committee (the "Retained Estate Professionals"), such fees the "Budgeted Estate Professional Expenses".  Notwithstanding the funding, or lack thereof, of the Professional Fee Account, the Retained Estate Professionals shall retain all rights as provided in the Carve-Out.  The Debtor is authorized and directed

13

Debtor:            Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:      Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

to fund the Professional Fee Account with funds on a weekly basis on the last

business day of each week only up to but not to exceed the Budgeted Estate

Professional Expenses.  Any Estate Professional Fees payable to the Retained

Estate Professionals shall be paid first out of the Professional Fee Account,

following full application of any retainers.  Any excess amounts in the Professional

Fee Account after payment of the Estate Professional Fees shall be subject in all

respects to the Prepetition Liens and Replacement Liens.  The funds in the

Professional Fee Account shall remain Collateral of the Prepetition Lender unless

and until such funds are paid to the Retained Professionals.  Notwithstanding

anything to the contrary, the inability or failure of Debtor to fund the Professional

Fee Account during any particular week shall not be an event of default under this

Final Order.  For avoidance of doubt, to the extent the Professional Fee Account

has not been funded in accordance herewith, the Carve-Out shall be paid solely

from the proceeds of the Prepetition Collateral and the Postpetition Collateral.

d.   The Prepetition Lender shall not be responsible for, or have any liability for, the

payment or reimbursement of any fees or disbursements of any professional

retained by the Debtor or the Creditors' Committee incurred in connection with the

Chapter 11 Case or any Successor Case. Nothing in this Final Order or otherwise

shall be construed to obligate the Prepetition Lender in any way to pay

compensation to or to reimburse the expenses of any professional retained by the

Debtor or the Creditors' Committee or to guarantee that the Debtor has sufficient

14

7914738

Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:     Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

funds to pay such compensation or reimbursement

e.   Nothing contained in this Final Order shall be construed: (i) to exempt those
persons seeking Estate Professional Fees who may receive interim compensation
payments or reimbursement of expenses pursuant to any Court-approved
procedure, from all provisions of bankruptcy law otherwise applicable, including,
without limitation, any requirements that such compensation or reimbursement be
allowed on a final basis after the filing of appropriate final fee applications, and, if
applicable, any subsequent order of this Court requiring that such payments be
disgorged, or (ii) as consent to the allowance of any fees and expenses referred to
above; and shall not affect any right of the Prepetition Lender to object to the
reasonableness of such amounts or to object on any other basis.  Subject to the
Carve-Out, the Carve-Out and all obligations of the Prepetition Lender shall be
terminated upon the payment in full and satisfaction of the indebtedness owed to
Prepetition Lender.

12.   <u>Restrictions on Use of Cash Collateral</u>.

a.   Notwithstanding anything to the contrary in this Final Order, no Collateral
(including without limitation, Cash Collateral) or the proceeds thereof, and no
portion of the Carve-Out may be used to pay any fees or expenses or claims for
services rendered by any of the professionals retained by the Debtors, by the
Creditors' Committee, by any other creditor or other party in interest, by any other
committee, by any trustee appointed in this Chapter 11 Case or in any Successor

15

Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:        Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors, and (II) Granting Related Relief.

Case, or for any other party to (i) request authorization to obtain any post-petition

loans or other financial accommodations pursuant to section 364(c) or (d) of the

Bankruptcy Code without approval of the Prepetition Lender, (ii) investigate,

assert, join, commence, support, prosecute or finance the initiation or prosecution

of (x) any potential or actual action or claim, counterclaim, cross-claim, action,

proceeding, arbitration, application, motion, objection, setoff, or defense against

the Prepetition Lender, or any of its officers, directors, employees, agents,

attorneys, affiliates, partners, assigns, or successor, in their capacity as such, or (y)

any other contested matter or adversary proceeding, in each case seeking any order,

judgment, determination, or similar relief against, or challenging the claims or liens

of, in any capacity, the Prepetition Lender, or any of its officers, directors,

employees, agents, attorneys, affiliates, partners, assigns, or successors, with

respect to any transaction, occurrence, omission, or action, including, without

limitation, (A) any claims or causes of action whatsoever, including, without

limitation, any Avoidance Actions; (B) any action relating to any act, omission, or

aspect of the relationship between the Prepetition Lender, on the one hand, and the

Debtor or any of its affiliates, on the other; (C) any action with respect to the

validity or extent of the Prepetition Credit Obligations, or the validity, extent, or

priority of the Prepetition Liens or the Replacement Liens; (D) any action seeking

to invalidate, set aside, avoid, recharacterize or subordinate, in whole or in part, the

Prepetition Liens or the Replacement Liens; or (E) any action that has the effect of

Debtor:            Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:      Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

challenging the Prepetition Lender in respect of its liens and security interests in

the Cash Collateral or the Collateral or impair its rights and remedies under the

Prepetition Credit Documents or this Final Order. For the avoidance of doubt,

nothing herein shall prevent the Debtor from contesting the occurrence or

continuance of any Event of Default.  Notwithstanding the above, not more than

$35,000.00 of the Carve-Out apportioned to the Creditors' Committee's

professionals may be used for liens or claims investigations (and not prosecution)

against the Prepetition Lender.

13.    <u>Collateral Rights</u>. Unless the Prepetition Lender has provided its prior written

consent or all Prepetition Credit Obligations have been paid in full in cash (or will be paid in full

in cash upon entry of an order approving indebtedness described in subparagraph (a) below), and

all commitments by the Prepetition Lender to lend have terminated:

a.    The Debtor shall not consent to relief from the automatic stay by any person

other than the Prepetition Lender with respect to all or any material portion of the Prepetition

Collateral without the express written consent of the Prepetition Lender.

b.    In the event the Debtor seeks or supports the entry of an order in violation

of subsection (a) hereof, the Prepetition Lender shall be permitted to seek relief from the automatic

stay with respect to the Prepetition Collateral on short notice.

14.    <u>Limitation on Charging Expenses Against Collateral</u>.  Except to the extent of the

Carve Out, no costs or expenses of administration of the Chapter 11 Case or any Successor Case

or any future proceeding that may result therefrom, including liquidation in bankruptcy or other

7914738

Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:      Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

proceedings under the Bankruptcy Code shall be charged against or recovered from the Prepetition

Collateral (including the Cash Collateral) or Postpetition Collateral pursuant to section 506(c) of

the Bankruptcy Code or any similar principle of law, without the prior written consent of the

Prepetition Lender or Order of the Court, and no such consent shall be implied from any other

action, inaction, or acquiescence by the Prepetition Lender and nothing contained in this Final

Order, other than the Carve Out, shall be deemed to be a consent by the Prepetition Lender to any

charge, lien, assessment or claim against the Prepetition Collateral (including the Cash Collateral)

or Postpetition Collateral under Section 506(c) of the Bankruptcy Code or otherwise.

15.    <u>Disposition of Collateral</u>. The Debtor shall not sell, transfer, lease, encumber or

otherwise dispose of any portion of the Prepetition Collateral or the Postpetition Collateral outside

of the ordinary course of business, without the prior written consent of Prepetition Lender (and no

such consent shall be implied, from any other action, inaction or acquiescence by Prepetition

Lender) or an order of this Court, except as provided in this Final Order and approved by this Court

to the extent required under applicable bankruptcy law. Nothing herein shall prevent the Debtor

from operating in the ordinary course of business to the extent consistent with the Initial Budgets

and in accordance with the Debtor's fiduciary responsibility.  For avoidance of doubt, sale of any

general intangibles, including without limitation Application for New Drug Applications or Drug

Master Files shall not be deemed ordinary course sales.

16.    <u>363 Sale</u>.

a.    The Debtor shall immediately commence a process to sell all or substantially all of

its assets in a 363 Sale and shall take all steps reasonably necessary to cooperate

18

Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:       Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors, and (II) Granting Related Relief.

with Raymond James & Associates, Inc., its proposed investment banker ("Raymond James"), to achieve the Milestones (as hereinafter defined), including without limitation to provide access to the Debtor's books and records, the Debtor's facilities and operations, the Debtor's officers, employees, agents and representatives.

b.   Raymond James shall be authorized to identify any Application for New Drug Applications that are not currently used in the Debtor's operations that may be sold separately from the operating assets of the Debtor and shall provide recommendations for any such ANDA's sales to the Debtor and the Prepetition Lender.

c.   The Debtor authorizes Raymond James to, on a weekly basis commencing the week of October 28, 2024, share with Prepetition Lender and the Creditors' Committee any non-privileged information relating to the 363 Sale, including without limitation, progress reports, documentation, reports, budgets, bids, indications of interest, letters of intent, purchase agreements, marketing materials and process, potential purchasers, the work done and the work planned to be done. Raymond James may designate any portion of this information as confidential when sharing with the Prepetition Lender and the Prepetition Lender agrees to treat such information as confidential.

d.   The Debtor hereby authorizes Raymond James to have open discussions with Prepetition Lender and the Creditors' Committee concerning the 363 Sale process,

19

Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:      Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

the Debtor's cooperation with Raymond James or any other information relevant to

Raymond James's services provided to the Debtor in the above-captioned case.

e.  For the purpose hereof, "363 Sale" shall mean a sale or sales by the Debtor in

consultation with the Creditors' Committee and the Prepetition Lender of

substantially all of the Debtor's assets pursuant to Section 363 of the Bankruptcy

Code (i) subject to the reasonable approval of the Prepetition Lender, (ii) that is

effected pursuant to a sale process that seeks bids for all or substantially all of the

Debtor's assets, as well as bids on assets on a standalone basis (or in combination)

and (iii) the net proceeds of which shall be applied to indefeasibly repay the

obligations of the Debtor to Prepetition Lender in accordance with applicable

priority, or such other agreement between the Prepetition Lender and any parties

and shall otherwise be distributed in accordance with the Bankruptcy Code.

17.    <u>Milestones</u>.  Unless otherwise modified by Court Order or the written consent of

Prepetition Lender, the Debtor shall timely comply with each of the following milestones

(collectively, the "<u>Milestones</u>"):

i.  On or prior to November 8, 2024, commence distribution of a non-

confidential information memorandum for the sale of all or substantially all

of the Debtor's assets;

ii.  On or prior to January 21, 2025, the Final Order permitting cash collateral

shall have been entered.  This date will be extended to the extent that any

applications for use of cash collateral are pending with the Court;

20

Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:      Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

      iii.   On or prior to January 17, 2025, deadline for submission of non-binding indications of interest;

      iv.   On or prior to January 20, 2025, the Debtor shall have received one or more "stalking horse" bids reasonably acceptable to the Prepetition Lender;

      v.   On or prior to January 24, 2025, filing of a motion to designate a stalking horse(s) and/or approve bidding procedures reasonably acceptable to the Prepetition Lender;

      vi.   On or prior to February 18, 2025, entry of an order designating one or more stalking horses and/or approving the bidding procedures reasonably acceptable to the Prepetition Lender;

      vii.   On or prior to March 20, 2025 the auction (if any) shall have been conducted; and

      viii.   Closing on the 363 Sale of all or substantially all of the Debtor's assets shall have occurred on or prior to April 1, 2025, provided that such 363 Sale may be delayed to secure necessary regulatory approvals with the written consent of Prepetition Lender, which consent shall not be unreasonably withheld, conditioned or delayed.

Notwithstanding anything set forth herein, Prepetition Lender reserves all of its rights and remedies and shall not be required to consent to any sale of assets that does not pay Debtor's obligations to Prepetition Lender in full.

    18.   <u>Events of Default</u>.  The occurrence of any of the following events (collectively, the

7914738

Debtor:          Nostrum Laboratories, Inc.

Case No.:        24-19611 (JKS)

Caption of Order:        Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors, and (II) Granting Related Relief.

"Events of Default") shall constitute an event of default under this Final Order unless expressly waived in writing by Prepetition Lender:

    a.   Failure of the Debtor to comply with any provision of this Final Order;

    b.   Failure of the Debtor to make any adequate protection payment to Citizens pursuant to this Order;

    c.   The Food and Drug Administration ("FDA") or any similar governmental authority, or any other governmental authority takes an action which has the effect of prohibiting Debtor from (i) continuing to operate its business because Debtor is non-compliant with any regulations, or (ii) results in the Debtor being unable to sell more than half of its then existing inventory;

    d.   Failure of the Debtor to fully and timely comply with any and all requests of Raymond James, including, without limitation, requests for information, documents, access to the Debtor's facilities, assets and books records; or

    e.   Failure of the Debtor to comply with the Milestones; or

    f.   The dismissal of this Case without an order entered by the Bankruptcy Court containing a provision for the payment in full of all obligations of the Debtor to Prepetition Lender upon entry thereof (other than contingent indemnification obligation as to which no claim has been asserted); or

    g.   The conversion of this Case to a case under chapter 7 of the Bankruptcy Code or the filing by Debtor of a motion or other pleading or support a motion or other pleading filed by any other Person seeking the conversion of this Case under section

Page 2 of 3

Debtor:          Nostrum Laboratories, Inc.
Case No.:       24-19611 (JKS)
Caption of Order:       Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors, and (II) Granting Related Relief.

1112 of the Bankruptcy Code or otherwise; or

h. An order shall be entered by the Bankruptcy Court appointing a trustee under chapter 7 or chapter 11 of the Bankruptcy Code, a responsible officer or an examiner with enlarged powers relating to the operation of the business (powers beyond those set forth in section 1106(a)(3) and (4) of the Bankruptcy Code) under section 1106(b) of the Bankruptcy Code shall be appointed this Case (unless such order is granting a motion filed by Prepetition Lender) or the Debtor shall file a motion or other pleading or shall consent to a motion or other pleading filed by any other Person seeking any of the foregoing without the consent of the Prepetition Lender; or

i. An order of the Bankruptcy Court shall be entered granting any superpriority claim or any lien which is pari passu with or senior to the claims of the Prepetition Lender against the Debtor hereunder, or there shall arise or be granted any such senior superpriority claim or the Debtor shall file a motion or other pleading or support a motion or other pleading filed by any other Person requesting any of the foregoing (other than in connection with any financing which would repay the obligations of the Debtor to Prepetition Lender in full in cash); or

j. the Bankruptcy Court shall enter an order or orders granting relief from the automatic stay applicable under section 362 of the Bankruptcy Code (x) to the holder or holders of any security interest to proceed against the material assets of the Debtor, (y) to state or local environmental or regulatory agency or authority to

23

7914738

Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:     Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

proceed against, including foreclose (or the granting of a deed in lieu of foreclosure

or the like) on, the material assets of the Debtor, or (z) to allow any other third party

to proceed again any material assets of the Debtor or to permit other actions that

could have a material adverse effect on the Debtor or its estate; or

k.   an order of the Bankruptcy Court (or any other court of competent jurisdiction)

shall be entered, whether on appeal or otherwise, authorizing or approving any

other action or actions that would materially and adversely affect the Prepetition

Lender's rights or interest in the Collateral; or the Debtor shall file a motion or other

pleading or shall support a motion or other pleading filed by any other Person

seeking the same; or

l.   the Debtor contests the validity or enforceability of any provision of any Prepetition

Credit Document or the validity, extent, perfection or priority of a lien in favor of

Prepetition Lender on the Prepetition Collateral and/or the Post Petition Collateral

or shall support or consent to any other Person contesting the foregoing; *provided,*

*however*, it shall not be an Event of Default if the Creditors' Committee brings forth

any such contest within the Challenge Period; or

m.   the Debtor or any of its affiliates, officers and/or agents, or any Person claiming by

or through any of them (other than the Creditors' Committee) shall obtain court

authorization to commence, or shall commence, join in, assist or otherwise

participate as an adverse party in any suit or other proceeding against the Prepetition

Lender, other than the defenses asserted in the currently pending District Court of

24

Page 2 of 19

Debtor:          Nostrum Laboratories, Inc.

Case No.:        24-19611 (JKS)

Caption of Order:       Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors, and (II) Granting Related Relief.

New Jersey Action between Prepetition Lender, Pharma and Mulye; or

n.  the Debtor shall be permanently enjoined by any Court from conducting its business.

19.   <u>Remedies Upon an Event of Default</u>.  After the occurrence of any Event of Default and at any time thereafter, Prepetition Lender shall give written notice thereof and its intent to exercise its rights and remedies with respect to the Debtor and the Prepetition Collateral in accordance with the Prepetition Credit Documents to the Debtor, counsel for the Creditors' Comittee and the United States Trustee and file such notice with the Court (the "<u>Default and Remedies Notice</u>").   Following the giving of the Default and Remedies Notice, the Debtor shall have five business days (the "<u>Remedies Notice Period</u>") to cure the Event of Default or to challenge the Default and Remedies Notice, which challenge shall be based solely on whether an Event of Default has occurred and which may be pursued through an application on short notice to the Court.  If (i) the Debtor shall fail to cure the Event of Default within the Remedies Notice Period, or (ii) the Debtor shall fail to file an application challenging the Default and Remedies Notice, which challenge shall be based solely on whether an Event of Default occurred, within the Remedies Notice Period, Prepetition Lender may seek, on short notice, relief from the automatic stay, termination of the Debtor's use of Cash Collateral, or any other or supplemental relief in respect of its rights.  Debtor shall not be prevented from seeking to utilize Cash Collateral with Court approval notwithstanding any objection by the Prepetition Lender or termination of this Final Order.

20.   <u>Section 507(b) Reservation</u>. Nothing herein shall impair or modify the application

Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:       Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors, and (II) Granting Related Relief.

of section 507(b) of the Bankruptcy Code in the event that the adequate protection provided to the Prepetition Lender is insufficient to compensate for any diminution in value of its interests in the Prepetition Collateral during the Chapter 11 Case.

21.    <u>Preservation of Rights Granted Under this Final Order</u>.

a.    In the event this Final Order or any provision hereof is vacated, reversed, or modified on appeal or otherwise, any liens or claims granted to Prepetition Lender hereunder arising before the effective date of any such vacatur, reversal, or modification of this Final Order shall be governed in all respects by the original provisions of this Final Order, including entitlement to all rights, remedies, privileges, and benefits granted herein, and Prepetition Lender shall be entitled to all the rights, remedies, privileges, and benefits afforded in section 364(e) of the Bankruptcy Code and 363(m) of the Bankruptcy Code with respect to all uses of the Prepetition Collateral (including Cash Collateral) and all adequate protection obligations.

b.    Unless and until all Prepetition Credit Obligations are indefeasibly paid in full, in cash, the Debtor irrevocably waives the right to seek and shall not seek or consent to, directly or indirectly (i) except as permitted under the Prepetition Credit Documents or, if not provided for therein, with the prior written consent of Prepetition Lender, (A) any modification, stay, vacatur, or amendment of this Final Order or (B) a priority claim for any administrative expense or unsecured claim against the Debtor (now existing or hereafter arising of any kind or nature whatsoever, including, without limitation, any administrative expense of the kind specified in sections 503(b), 507(a), or 507(b) of the Bankruptcy Code) in the Chapter 11 Case, or (C) any other order allowing use of the Prepetition Collateral; (ii) except as permitted under the Prepetition

7914738

Page: 2

Debtor:          Nostrum Laboratories, Inc.

Case No.:        24-19611 (JKS)

Caption of Order:     Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors, and (II) Granting Related Relief.

Credit Documents, any lien on any of the Prepetition Collateral with priority equal or superior to the Replacement Liens or Prepetition Liens, as applicable; or (iii) the use of Cash Collateral for any purpose other than as permitted in the Initial Budget, the Budget and this Final Order.

c.      Subject to the Challenge Period, notwithstanding any order dismissing any of the Chapter 11 Case entered at any time, Prepetition Liens, the Adequate Protection Superpriority Claims, and the Replacement Liens granted pursuant to this Final Order shall continue in full force and effect and shall maintain their priorities as provided in this Final Order, until all Obligations under the Prepetition Credit Documents are indefeasibly paid in full in cash (and such Prepetition Liens, the Adequate Protection Superpriority Claims, Replacement Liens and the other administrative claims granted pursuant to this Final Order, shall, notwithstanding such dismissal, remain binding on all parties in interest).

d.      Subject to the Carve-Out and the Challenge Period, except as expressly provided in this Final Order or in the Prepetition Credit Documents, Prepetition Liens, the Adequate Protection Superpriority Claims, the Replacement Liens and all other rights and remedies of Prepetition Lender granted by the provisions of this Final Order and the Prepetition Credit Documents shall survive, and shall not be modified, impaired, or discharged by (i) the entry of an order converting the Chapter 11 Case to a case under chapter 7, dismissing the Chapter 11 Case, terminating the joint administration of the Chapter 11 Case or by any other act or omission, (ii) the entry of an order approving the sale of any Prepetition Collateral pursuant to section 363(b) of the Bankruptcy Code, or (iii) the entry of an order confirming a chapter 11 plan in the Chapter 11 Case and, pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtor has waived any

7914738

Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:      Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

discharge as to any remaining Prepetition Credit Obligations or adequate protection obligations.

The terms and provisions of this Final Order and the Prepetition Credit Documents shall continue

in the Chapter 11 Case and in any Successor Case.  Subject to the Challenge Period, the Prepetition

Liens, the Adequate Protection Superpriority Claims, the Replacement Liens and all other rights

and remedies of Prepetition Lender granted by the provisions of this Final Order shall continue in

full force and effect until Prepetition Credit Obligations are indefeasibly paid in full, in cash or on

such other terms as may be acceptable to Prepetition Lender in its sole and absolute discretion.

22.     Other than as set forth in this Final Order, neither Prepetition Liens nor the

Replacement Liens shall be subject to or junior to any lien or security interest that is avoided and

preserved for the benefit of the Debtor's estates under Bankruptcy Code section 551.

23.     Equities of the Case. Prepetition Lender shall be entitled to all the rights and

benefits of section 522(b) of the Bankruptcy Code, and the "equities of the case" exception under

section 552(b) of the Bankruptcy Code shall not apply to the Prepetition Lender with respect to

proceeds, products, offspring, or profits of any of the Prepetition Collateral or the Postpetition

Collateral.

24.     No Requirement to File Proof of Claim.  Notwithstanding anything to the contrary

contained in any prior or subsequent order of this Court, including, without limitation, any order

establishing a deadline for the filing of proofs of claim or requests for payment of administrative

expenses under section 503(b) of the Bankruptcy Code, Prepetition Lender shall not be required

to file any proof of claim or request for payment of administrative expenses with respect to any of

the Prepetition Claims; and the failure to file any such proof of claim or request for payment of

7914738

Debtor:            Nostrum Laboratories, Inc.
Case No.:          24-19611 (JKS)
Caption of Order:     Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

administrative expenses shall not affect the validity, priority, or enforceability of any of the

Prepetition Loan Documents or of any indebtedness, liabilities, or obligations arising at any time

thereunder or prejudice or otherwise adversely affect Prepetition Lender's rights, remedies,

powers, or privileges under any of the Prepetition Credit Documents, this Final Order, or

applicable law.

25.    <u>No Marshaling</u>.  The Prepetition Lender shall not be subject to the equitable

doctrine of "marshaling" or any other similar doctrine with respect to any of the Prepetition

Collateral, Cash Collateral or Postpetition Collateral.

26.    <u>Deposit Accounts</u>.  The Debtor shall cause all funds to be deposited into the

Debtor's operating account at Citizens, and shall utilize such account as its primary debtor in

possession bank account unless otherwise authorized by Citizens.  Notwithstanding this provision,

Debtor shall be permitted to maintain its bank accounts at Waterford Bank, Premier Bank, PNC

Bank, and Bank of America with balances of no more than $1,000.00 per account.  Furthermore,

Debtor shall be permitted to keep no more than $15,000.00 in Debtor's Bank of America credit

card bank account.  Debtor is permitted to make contemporaneous transfers of funds from Citizens

bank account to another bank account solely for the purpose of making a same day payment

permitted pursuant to **Exhibit A** annexed to this Final Order.  To the extent that any customers or

third-parties deposit amounts into an account not at Citizens such that it would exceed the

maximum amounts set forth in this paragraph, Debtor shall transfer such funds to Debtor's

operating account at Citizens within one (1) business day of the receipt of said funds.

27.    <u>Limitation of Liability</u>. In permitting the use of the Prepetition Collateral, subject

29

7914738

Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:      Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

to entry of the Final Order, the Prepetition Lender shall not (a) have any liability to any third party

or be deemed to be in "control" of the operations of the Debtor; (b) owe any fiduciary duty to the

Debtor, its creditors, shareholders or estate; or (c) be deemed to be acting as a "Responsible

Person" or "Owner" or "Operator" or "managing agent" with respect to the operation or

management of any of the Debtors (as such terms or similar terms are used any federal or state

statute, including the Internal Revenue Code). Furthermore nothing in this Final Order shall in any

way be construed or interpreted to impose or allow the imposition upon the Prepetition Lender of

any liability for any claims arising from the prepetition or postpetition activities of any of the

Debtor and its affiliates (as defined in section 101(2) of the Bankruptcy Code).

28.    Release of Prepetition Lender. Subject to the Challenge Period, the Prepetition

Lender and its attorneys, accountants, consultants, agents, servants, members, officers, directors,

shareholders, employees, predecessors, parents, subsidiaries, affiliates, successors and assigns, and

all persons acting by, through, under, or in concert with any of them, in each case, in their

respective capacities as such (the foregoing individuals and entities herein referred to as the

"Releasees") are released from all charges, complaints, claims, and liabilities of any kind which

Debtor currently has against arising under sections 502(d), 544, 545, 547, 548 and 550 of the

Bankruptcy Code or a similar Avoidance Action, including all attorneys' fees, interest, expenses,

and costs actually incurred or of any nature whatsoever, known or unknown, suspected or

unsuspected.  Debtor and Dr. Mulye release the Releasees from all charges, complaints, claims,

and liabilities of any kind (whether known or unknown) which the Debtor or Dr. Mulye has against

any one or more of the Releasees, including, without limitation, claims under Chapter 5 of the

30

7914738

Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:        Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors, and (II) Granting Related Relief.

Bankruptcy Code or other Avoidance Actions, including all attorneys' fees, interest, expenses, and costs actually incurred or of any nature whatsoever, known or unknown, suspected or unsuspected, on account of, arising out of, related to or concerning, whether directly or indirectly, proximately or remotely (i) the loans evidenced by the Prepetition Credit Documents, (ii) the Prepetition Credit Documents or any other documents or agreements executed in connection with the Prepetition Credit Documents, including without limitation the negotiation, review, preparation, documentation and administration of such Documents; (iii) the enforcement, protection or preservation of Prepetition Lender's rights under or in connection with the Prepetition Credit Documents or any other documents or agreements executed in connection with the Prepetition Credit Documents in any forum, whether in or out of court, whether in this Court or any other venue, (iv) any liens, claims or other rights granted to Prepetition Lender under the Prepetition Credit Documents, this Final Order or any other order entered in the above-captioned case; (v) any action, omission or inaction by Prepetition Lender whatsoever in connection with any of the foregoing.

29.    <u>Expenses</u>.

a.    The Debtor shall be jointly and severally obligated with any and all other non-debtor obligors to pay all fees and expenses described in the Prepetition Credit Documents (not the subject of dispute pursuant to Section 29(b) below), to the extent recoverable pursuant to the Prepeittion Credit Documents and the law.

b.    Citizens shall provide the Debtor and the Creditor's Committee with its reasonable and documented professional fees, expenses, and disbursements of the Prepetition

7914738

Debtor:        Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:        Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

Lender's advisors.  Within ten (10) business days of receipt (the "Review Period"), by counsel for

the Debtor, the Creditors' Committee and the U.S. Trustee of each of the summary invoices therefor

(the "Invoiced Fees"), Debtor, the Creditors' Committee, and the U.S. Trustee's office may dispute

the payment of any portion of the Invoiced Fees (the "Disputed Invoiced Fees") if, within the

Review Period, the Debtor, the Creditor's Committee, or the U.S. Trustee notifies the submitting

party in writing setting forth the specific objections to the Disputed Invoiced Fees (to be followed

by the filing with this Court, if necessary and at Citizens' election, of a motion or other pleading

on regular notice to determine the amount of any Disputed Invoiced Fees).  Invoiced Fees shall be

in the form of a one-page summary invoice for professional fees and expenses incurred

prepetition, and such invoice summary shall not be required to contain time entries, and if

additional fee detail is requested, may be redacted or modified to the extent necessary to delete

any information subject to the attorney-client privilege, any work product doctrine, privilege or

protection, common interest doctrine privilege or protection, any other evidentiary privilege or

protection recognized under applicable law, or any other confidential information, and the

provision of such invoices shall not constitute any waiver of the attorney-client privilege, work

product doctrine, privilege or protection, common interest doctrine privilege or protection, or any

other evidentiary privilege or protection recognized under applicable law.  Debtor, the Creditors'

Committee, and the U.S. Trustee's office reserve all rights to request additional detail from the

Prepetition Lender when evaluating prepetition fees.  Invoiced Fees not disputed within the Review

Period shall be deemed part of the allowed amount of Prepetition Lender's claims secured by the

Prepetition Collateral, Cash Collateral and Postpetition Collateral.

7914738

Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:      Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors, and (II) Granting Related Relief.

30.    <u>No Third Party Rights</u>. Except as explicitly provided for herein, this Final Order does not create any rights for the benefit of any third party, creditor, equity holder, or any direct, indirect, or incidental beneficiary.

31.    <u>USA's Setoff Rights</u>. Notwithstanding anything in the Cross-Motion or this Final Order, nothing shall affect or impair the United States of America's rights and defenses of setoff and recoupment, if any.

32.    <u>Processing of Checks</u>.  The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the post-petition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Order.

33.    <u>Reservation of Rights</u>.  Nothing contained in the Cross-Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be: (a) (i) a consent by Prepetition Lender to any use of Cash Collateral by the Debtor other than as expressly set forth herein, or (ii) acknowledgement by Prepetition Lender that the adequate protection granted herein does in fact adequately protect Prepetition Lender against any diminution in value of its interests in the Debtor's assets, including Cash Collateral, however, Prepetition Lender shall be deemed to have requested adequate protection and shall not be required to file a motion or seek other relief from the Court as a condition of obtaining the rights granted herein under section 507(b);

33

Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:        Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

(b) an admission as to the amount of, basis for, or validity of any claim against the Debtor under

the Bankruptcy Code or other applicable non-bankruptcy law, other than the claims of the

Prepetition Lender as set forth in this Final Order or any prior Interim Orders; (c) a waiver of the

Debtor's or any other party in interest's right to dispute any claim on any grounds, other than, with

respect to Debtor, the claim of the Prepetition Lender as set forth in this Final Order or any prior

Interim Orders; (d) a promise or requirement to pay any particular claim; (e) an implication,

admission or finding that any particular claim is an administrative expense claim, other priority

claim or otherwise of a type specified or defined in the Cross-Motion or this Final Order, except as

granted hereby to Prepetition Lender as set forth in this Final Order or any prior Interim Orders; (f)

a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to

section 365 of the Bankruptcy Code; (g) an admission as to the validity, priority, enforceability or

perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's

estates, other than the pre- and post-petition liens of Prepetition Lender; or (f) a waiver or limitation

of any claims, causes of action or other rights of the Debtor or any other party in interest against

any person or entity under the Bankruptcy Code or any other applicable law, except, with respect

to the Debtor, those releases in favor of Prepetition Lender in this Final Order or any prior Interim

Orders.

34.     The Debtor is authorized, but not directed, to issue post-petition checks, or to effect

postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are

dishonored as a consequence of this Chapter 11 Case with respect only to post-petition amounts

owed in connection with the relief granted herein.

7914738

Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:      Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

35.      Nothing in this Final Order authorizes the Debtor to accelerate any payments not

otherwise due.

36.      Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied

by such notice.

37.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final

Order are immediately effective and enforceable upon its entry.

38.      The Debtor is authorized to take all actions necessary to effectuate the relief granted

in this Final Order in accordance with the Cross-Motion.

39.      Any and all objections to this Final Order not withdrawn are hereby deemed

overruled.

40.      Notwithstanding anything in the Cross-Motion or in this Final Order to the contrary,

all relief granted in this Order regarding all persons to receive payment from the Debtor, including

but not limited to Associate employees, executives, anyone engaged in the Debtor's employ as a

1099 employee, and all insiders, is limited to the statutory caps as set forth in sections 507(a)(4)

and (a)(5) of the Bankruptcy Code.

41.      Retained Rights of Creditor's Committee. Notwithstanding anything in this Final

Order to the contrary, including the Debtor's Stipulations, (which are binding only on the Debtor),

the Creditor's Committee shall have seventy-five (75) days after appointment to contest the scope,

validity, perfection and/or amount of Prepetition Lender's claims or liens or bring any other claims,

causes of action, counterclaims and/or defenses against the Prepetition Lender (the "Challenge

7914738

Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:      Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

Period"). To the extent that the Creditor's Committee files a motion for derivative standing and

said motion has not yet been decided through an Order of the Court within the Challenge Period,

the Challenge Period shall be automatically extended through seven (7) days after a decision on

such a motion.  In the event that a chapter 7 or chapter 11 trustee is appointed prior to the end of

the applicable Challenge Period, the Challenge Period solely for such chapter 7 or chapter 11

trustee shall be extended (unless and until an order confirming a plan is entered by the Court) to

the longer of (A) the remaining applicable Challenge Period or (B) the date that is twenty-one (21)

calendar days following the appointment of such trustee.

42.    Automobile Payments. This Final Order does not authorize the Debtor to make any

payment on account of (i) the 2020 Lamborghini Urus owned in the Debtor's name, (ii) the 2020

Mercedes GLC300W4 owned in the Debtor's name.

43.    Insider Payments.  Notwithstanding anything in this Final Order to the contrary,

this Final Order does not authorize the Debtor to make any payment to any insider, officer or

executive of the Debtor, other than to the extent set forth in **Exhibit A**.

44.    Professional Payments. Notwithstanding anything in this Final Order to the

contrary, this Final Order does not authorize the Debtor to make any payments on account of any

retained or otherwise engaged professional during the periods addressed herein, other than those

professionals set forth in the Initial Budget annexed hereto as **Exhibit A** and the Budget.

45.    Payments to EnEm.  The Debtor shall not make any payment to Enem Nostrum

Remedies Pvt. Ltd. ("EnEm") for any services rendered pre-petition or for services other than

quality control, stability testing, or any and all other services that are necessary to maintain quality

7914738

Debtor:          Nostrum Laboratories, Inc.

Case No.:        24-19611 (JKS)

Caption of Order:      Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors, and (II) Granting Related Relief.

assurances and compliance with FDA regulations for all products and ANDAs owned and marketed by Debtor, including, but not limited to, all work required to satisfy any FDA deficiency regarding manufacturing or marketing of any products, all work required to maintain the regulatory status of any ANDAs of the Debtor in good standing with the FDA, and all work required by the FDA to permit marketing of any of Debtor's ANDAs, which payments shall be supported by invoices provided to Prepetition Lender prior to payment.  All payments to EnEm shall be limited to the lesser of (a) the budgeted amounts set forth on **Exhibit A**, and (b) the amount reflected on any invoice.

46.    <u>Mylan</u>.  Notwithstanding anything to the contrary in this Final Order, in connection with any enforcement of rights and remedies by Citizens (or its successors or assigns), Citizens shall look first to all Prepetition Collateral and Postpetition Collateral, other than the Mylan Collateral (as defined below), for the repayment and/or satisfaction in full of all Prepetition Credit Obligations, Adequate Protection Superpriority Claims, and/or any other obligations owed by the Debtor to Citizens, , before turning to, or the application of, the Mylan Collateral to the repayment or satisfaction of any of the foregoing obligations. To the extent Citizens reasonably determines it is necessary to apply all or any part of the Mylan Collateral or the proceeds thereof to the repayment and/or satisfaction in full of the Prepetition Credit Obligations, Adequate Protection Superpriority Claims, and/or other obligations owed by the Debtor to Citizens, Citizens shall give Mylan not less than five (5) business days' notice of such determination, which notice may be by e-mail to counsel for Mylan at chris.bryant@hoganlovells.com. Citizens and Mylan shall then work together diligently and in good faith to determine the value of the Mylan Collateral prior to

Debtor:         Nostrum Laboratories, Inc.
Case No.:       24-19611 (JKS)
Caption of Order:       Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

the application of the Mylan Collateral, or the proceeds thereof, to the Prepetition Credit

Obligations, Adequate Protection Superpriority Claims, and/or other obligations owed by the

Debtor to Citizens. If Citizens and Mylan are not able to agree within a reasonable period of time

on the value of the Mylan Collateral, Citizens and Mylan each shall have the right to file an

emergency motion with this Court seeking a hearing to resolve the dispute. As used in this Final

Order, "Mylan Collateral" means the "Collateral" as defined in the Security Agreement dated on

or about November 12, 2019, as amended by the Amended and Restated Security agreement dated

on or about March 4, 2020, between the Debtor and Mylan Pharmaceuticals Inc. and Mylan Ireland

Ltd. (together with their successors or assigns, collectively, "Mylan" ).  Nothing in this Final Order

is intended as or shall be construed or deemed to be (i) a finding or determination by this Court

that Mylan has an interest in any of the Debtor's assets, including cash collateral, (ii) a consent or

acknowledgement by Citizens concerning whether Mylan has any interest in any of the Debtor's

assets, including cash collateral and/or the validity or priority of any such interest, and all rights

of Citizens with respect to the foregoing are reserved, or (iii) a consent or acknowledgement by

Mylan concerning whether Citizens has any interest in any of the Debtor's assets, including cash

collateral and/or the validity or priority of any such interest, and all rights of Mylan with respect

to the foregoing are reserved.

47.    This Final Order is not intended to conflict with the Order Authorizing the

Employment and Retention of Raymond James & Associates, Inc. as Investment Banker for the

Debtor (the "Retention Order").  To the extent of a conflict between this Final Order and the

Retention Order, the Retention Order shall control.

7914738

Debtor:          Nostrum Laboratories, Inc.
Case No.:        24-19611 (JKS)
Caption of Order:       Final Order (I) Authorizing the Debtor to (A) Utilize Cash Collateral to Pay
Post-petition Associates Wages, Salaries, Other Compensation and Reimbursable Associate
Expenses, (B) Continue the Associate Benefits Programs, and (C) Continue to Pay Key Vendors,
and (II) Granting Related Relief.

     48.    This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Final Order.

7914738

# EXHIBIT A



In re ____ **Nostrum Laboratories, Inc.**
Debtor

Case No. ________________ 24-19611-JKS

**CASH FLOW PROJECTIONS FOR THE 13 WEEK PERIOD: _2nd December 2024_through__2nd March 2025.**

| | ($' 1000) | Budgeted Week 1 10/07-10/13 | Actual Week 1 | Budgeted Week 2 10/14-10/20 | Actual Week 2 | Budgeted Week 3 10/21-10/27 | Actual Week 3 | Budgeted Week 4 10/28-11/03 | Actual Week 4 | Budgeted Week 5 11/04-11/10 | Actual Week 5 | Budgeted Week 6 11/11/-11/17 | Actual Week 6 | Budgeted Week 7 11/18/-11/24 | Actual Week 7 | Budgeted Week 8 11/24-12/01 | Actual Week 8 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | **Cash Beginning of Week** | $ 323 | $ 323 | $ 173 | $ 174 | $ 200 | $ 200 | $ 393 | $ 393 | $ 284 | $ 284 | $ 348 | $ 348 | $ 62 | $ 62 | $ 190 | $ 190 |
| RECEIPTS | | | | | | | | | | | | | | | | | |
| | CASH SALES | $ - | | $ - | | $ - | | $ - | | $ - | | $ - | | $ - | | $ - | |
| Note #1,1A | ACCOUNTS RECEIVABLE | $ 125 | $ 102 | $ 400 | $ 54 | $ 500 | $ 657 | $ 400 | $ 298 | $ 400 | $ 293 | $ 400 | $ 176 | $ 400 | $ 246 | $ 400 | $ 293 |
| | LOANS AND ADVANCES | $ - | | $ - | | $ - | | $ - | | $ - | | $ - | | $ - | | $ - | |
| | SALE OF ASSETS | $ - | | $ - | | $ - | | $ - | | $ - | | $ - | | $ - | | $ - | |
| Note #1B | OTHER (ATTACH LIST) | $ - | | $ - | | $ - | | $ - | $ 14 | $ - | | $ - | | $ - | | $ - | |
| | TOTAL RECEIPTS | **$ 125** | **$ 102** | **$ 400** | **$ 54** | **$ 500** | **$ 657** | **$ 400** | **$ 312** | **$ 400** | **$ 293** | **$ 400** | **$ 176** | **$ 400** | **$ 246** | **$ 400** | **$ 293** |
| DISBURSEMENTS | | | | | | | | | | | | | | | | | |
| Note #1C | NET PAYROLL | $ 178 | $ 177 | $ 195 | | $ 188 | $ 187 | $ 149 | $ 147 | | | $ 149 | $ 144 | | | $ 156 | $ 154 |
| | PAYROLL TAXES & FEES | $ 72 | $ 74 | $ 75 | $ 2 | $ 78 | $ 78 | $ 61 | $ 61 | | | $ 61 | $ 60 | | | $ 61 | $ 64 |
| | PAYROLL 401K | $ 25 | | $ 30 | $ 23 | $ 26 | $ 24 | $ 19 | $ 18 | | | $ 19 | $ 18 | | | $ 19 | $ 19 |
| | SALES, USE, AND OTHER TAXES | $ - | | $ - | | | | | | | | | | | | | |
| | INVENTORY PURCHASES | | | | | $ 25 | $ 25 | $ 20 | $ 20 | $ 10 | $ 10 | | | $ 36 | | $ 19 | |
| | SECURED/ RENTAL/ LEASES | | | | | $ 75 | $ 76 | $ - | | $ - | | $ - | | $ 75 | | $ 75 | $ 5 |
| | INSURANCE - Health/Dental/Vision/Life | | | | | $ 21 | | | | $ 20 | $ 20 | $ 126 | $ 123 | $ - | | $ 0 | |
| | INSURANCE - P&C | | | $ 40 | | | | $ 40 | $ 40 | | | $ 40 | | | $ 40 | | |
| | ADMINISTRATIVE & SELLING | | | $ 10 | | $ 15 | $ 25 | $ 24 | $ 24 | $ 6 | $ 6 | $ 24 | $ 23 | $ 6 | $ 5 | $ 29 | $ 29 |
| | OPERATING COST - COGS, Utilities, Supplies, Maintenance etc | | | | $ 3 | $ 75 | | $ 61 | $ 61 | $ 214 | $ 193 | $ 119 | $ 27 | $ 159 | $ 23 | $ 124 | $ 55 |
| | DEBT SERVICE - | | | | | | | | | | | | | | | | |
| | Bank of America | | | $ 54 | | | | | | $ 54 | | $ 54 | $ 54 | | | | |
| | Waterford Bank | | | $ 11 | | | | | $ 11 | | | | | $ 11 | | $ 11 | $ 11 |
| | Commercial Capital | | | $ 21 | | | | | | $ 27 | | $ 27 | $ 13 | | | | |
| | Auto Loans | | | | | | | | | | | | | | | | |
| | Citizens Bank | | | | | $ 50 | $ 50 | | | | | | | $ 50 | $ 50 | | |
| | GOVERNMENT AGENCIES - DOJ/FDA | | | | | | | | | | | | | | | | |
| | FDA - Facility Fee | | | | | $ 100 | | $ 20 | $ 20 | | | $ 20 | | $ 20 | | $ 20 | |
| Note #2 | DOJ/CMS - Federal/State | | | | | | | | | | | $ 13 | | $ 13 | | | |
| Note #4 | DEA/States Licenses | | | | | $ 19 | | $ 19 | $ 19 | | | $ 8 | | $ 2 | $ 1 | | |
| Note #3 | RAYMOND JAMES | | | | | | | | | | | | | | | | $ 25 |
| Note #3 | PROFESSIONAL FEES | | | | | | | | | | | | | | | | |
| | EPIQ -Noticing Agent | | | | | | | | | $ 25 | | $ 25 | | | | | |
| | U.S. TRUSTEE FEES | | | | | | | | | | | | | | | | |
| | COURT COSTS | | | | | | | | | | | | | | | | |
| Note# 5 | PROFESSIONAL FEES - Ansell | | | | | | | | | | | | | | | | |
| Note# 5 | CREDITOR'S COMMITTEE FEES | | | | | | | | | | | | | | | | |
| | TOTAL DISBURSEMENTS | $ 274 | $ 251 | $ 436 | $ 28 | $ 672 | $ 464 | $ 413 | $ 420 | $ 356 | $ 229 | $ 686 | $ 462 | $ 372 | $ 119 | $ 515 | $ 362 |
| NET CASH FLOW | | **$ (149)** | **$ (149)** | **$ (36)** | **$ 26** | **$ (172)** | **$ 193** | **$ (13)** | **$ (108)** | **$ 44** | **$ 64** | **$ (286)** | **$ (286)** | **$ 28** | **$ 127** | **$ (115)** | **$ (69)** |
| (RECEIPTS LESS DISBURSEMENTS) | | | | | | | | | | | | | | | | | |
| **Cash End of Week** | | **$ 173** | **$ 174** | **$ 137** | **$ 200** | **$ 28** | **$ 393** | **$ 379** | **$ 284** | **$ 328** | **$ 348** | **$ 62** | **$ 62** | **$ 90** | **$ 190** | **$ 75** | **$ 120** |
| Note# 5 | PROFESSIONAL FEES - Ansell | | | | | | | | | | | | | | | | |
| Note# 5 | CREDITOR'S COMMITTEE FEES | | | | | | | | | | | | | | | | |
| | **Total** | | | | | | | | | | | | | | | | |

| | ($' 1000) | Budget Week 9 12/2-12/08 | Budget Week 10 12/09-12/15 | Budget Week 11 12/16-12/22 | Budget Week 12 12/23-12/29 | Budget Week 13 12/30-01/05 | Budget Week 14 01/06-01/12 | Budget Week 15 01/13-01/19 | Budget Week 16 01/20-01/26 | Budget Week 17 01/27-02/02 | Budget Week 18 02/03-02/09 | Budget Week 19 02/10-02/16 | Budget Week 20 02/17-02/23 | Budget Week 21 02/24-03/02 | Budget Total 13 Weeks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | **Cash Beginning of Week** | $ 120 | $ 56 | $ 26 | $ 54 | $ 1 | $ 17 | $ 7 | $ 34 | $ 14 | $ 27 | $ 3 | $ 43 | $ 77 | $ 120 |
| RECEIPTS | | | | | | | | | | | | | | | |
| | CASH SALES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Note #1,1A | ACCOUNTS RECEIVABLE | $ 400 | $ 400 | $ 400 | $ 400 | $ 400 | $ 400 | $ 400 | $ 400 | $ 400 | $ 400 | $ 400 | $ 400 | $ 400 | $ 5,200 |
| | LOANS AND ADVANCES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | SALE OF ASSETS | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Note #1B | OTHER (ATTACH LIST) | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | TOTAL RECEIPTS | **$ 400** | **$ 400** | **$ 400** | **$ 400** | **$ 400** | **$ 400** | **$ 400** | **$ 400** | **$ 400** | **$ 400** | **$ 400** | **$ 400** | **$ 400** | **$ 5,200** |
| DISBURSEMENTS | | | | | | | | | | | | | | | |
| Note #1C | NET PAYROLL | | $ 149 | | $ 149 | | $ 149 | | $ 149 | | $ 149 | | $ 149 | | $ 894 |
| | PAYROLL TAXES & FEES | | $ 61 | | $ 61 | | $ 61 | | $ 61 | | $ 61 | | $ 61 | | $ 368 |
| | PAYROLL 401K | | $ 19 | | $ 19 | | $ 19 | | $ 19 | | $ 19 | | $ 19 | | $ 115 |
| | SALES, USE, AND OTHER TAXES | | | | | | | | | | | | | | $ - |
| | INVENTORY PURCHASES | $ 36 | $ 30 | $ 34 | $ 20 | | | $ 25 | $ 25 | $ 25 | $ 25 | $ 25 | $ 25 | $ 25 | $ 295 |
| | SECURED/ RENTAL/ LEASES | $ 69 | $ - | $ - | $ - | $ 75 | $ - | $ - | $ - | $ 75 | $ - | $ - | $ - | $ 75 | $ 294 |
| | INSURANCE - Health/Dental/Vision/Life | $ 22 | $ - | $ 132 | $ - | $ 23 | $ - | $ 129 | $ - | $ 20 | $ - | $ 126 | $ - | $ 20 | $ 471 |
| | INSURANCE - P&C | $ 42 | | | | $ 40 | | | | $ 40 | | | | $ 40 | $ 160 |
| | ADMINISTRATIVE & SELLING | $ 6 | $ 28 | $ 6 | $ 24 | $ 11 | $ 24 | $ 6 | $ 24 | $ 11 | $ 24 | $ 6 | $ 24 | $ 11 | $ 201 |
| | OPERATING COST - COGS, Utilities, Supplies, Maintenance etc | $ 194 | $ 94 | $ 141 | $ 69 | $ 103 | $ 124 | $ 137 | $ 77 | $ 139 | $ 74 | $ 137 | $ 66 | $ 156 | $ 1,510 |
| | DEBT SERVICE - | | | | | | | | | | | | | | |
| | Bank of America | $ 54 | | | | $ 54 | | | | | $ 54 | | | | $ 162 |
| | Waterford Bank | | | $ 11 | | | | $ 11 | | | | | $ 11 | | $ 34 |
| | Commercial Capital | $ 6 | $ 15 | | | $ 6 | $ 15 | | | | $ 6 | $ 15 | | | $ 63 |
| | Auto Loans | | | | | | | | | | | | | | $ - |
| | Citizens Bank | | | | $ 50 | | | | $ 50 | | | | | $ 50 | $ 150 |
| | GOVERNMENT AGENCIES - DOJ/FDA | | | | | | | | | | | | | | $ - |
| | FDA - Facility Fee | $ 20 | | $ 20 | | $ 20 | | $ 20 | | $ 20 | | $ 20 | | $ 20 | $ 140 |
| Note #2 | DOJ/CMS - Federal/State | | | | | | | | | | | | | | $ - |
| Note #4 | DEA/States Licenses | $ 7 | | | | | $ 3 | | | | | $ 2 | | | $ 12 |
| Note #3 | RAYMOND JAMES | | $ 25 | $ 25 | $ 25 | $ 50 | | $ 25 | | $ 25 | | $ 25 | | $ 25 | $ 225 |
| Note #3 | PROFESSIONAL FEES | | | | | | | | | | | | | | $ - |
| | EPIQ -Noticing Agent | | $ 5 | | $ 5 | | $ 5 | | $ 5 | | $ 5 | | $ 5 | | $ 30 |
| | U.S. TRUSTEE FEES | | | | | | | $ 5 | | | | | | $ 5 | $ 10 |
| | COURT COSTS | | | | | | | $ 5 | | | | | | $ 5 | $ 10 |
| Note# 5 | PROFESSIONAL FEES - Ansell | $ 8 | $ 4 | $ 4 | $ 4 | $ 4 | $ 10 | $ 10 | $ 10 | $ 8 | $ 8 | $ 5 | $ 5 | $ 5 | $ 82 |
| Note# 5 | CREDITOR'S COMMITTEE FEES | $ - | $ - | $ - | $ 28 | $ - | $ - | $ - | $ - | $ 25 | $ - | $ - | $ - | $ 23 | $ 75 |
| | TOTAL DISBURSEMENTS | **$ 464** | **$ 430** | **$ 372** | **$ 453** | **$ 384** | **$ 410** | **$ 373** | **$ 421** | **$ 387** | **$ 425** | **$ 360** | **$ 365** | **$ 458** | **$ 5,301** |
| NET CASH FLOW | | **$ (64)** | **$ (30)** | **$ 28** | **$ (53)** | **$ 16** | **$ (10)** | **$ 27** | **$ (21)** | **$ 13** | **$ (25)** | **$ 40** | **$ 35** | **$ (58)** | **$ (101)** |
| (RECEIPTS LESS DISBURSEMENTS) | | | | | | | | | | | | | | | |
| **Cash End of Week** | | **$ 56** | **$ 26** | **$ 54** | **$ 1** | **$ 17** | **$ 7** | **$ 34** | **$ 14** | **$ 27** | **$ 3** | **$ 43** | **$ 77** | **$ 19** | **$ 19** |
| Note# 5 | PROFESSIONAL FEES - Ansell | $ 8 | $ 4 | $ 4 | $ 4 | $ 4 | $ 10 | $ 10 | $ 10 | $ 8 | $ 8 | $ 5 | $ 5 | $ 5 | $ 82 |
| Note# 5 | CREDITOR'S COMMITTEE FEES | | | | $ 28 | | | | | $ 25 | | | | $ 23 | $ 75 |
| | **Total** | **$ 8** | **$ 4** | **$ 4** | **$ 31** | **$ 4** | **$ 10** | **$ 10** | **$ 10** | **$ 33** | **$ 8** | **$ 5** | **$ 5** | **$ 28** | **$ 157** |

Note #1 The $400,000 weekly cash collections reflects that sales for certain products have been impacted by typical market factors such as product pricing and volume.
However it is anticipated that positive sales growth may be achieved through new sales/ awards for such products as Carbamazapine, Promethazine,Metformin-Glucophage, Theophylline,etc.
This may be reflected in December 2024 and subsequent years 2025 and 2026.

Note #1A Cash Collections in Week 2 are less than projected due to delays in payments from certain customers.
Cash Collections improved dramatically in week 3.

Note #1B $14,000 is a returned insurance premium.

Note #1C Payroll and related costs have been reduced by approximately $60,000 per pay period

Note #2 The cashflow budget provides for federal payments and proposed state payments to be made pursuant to NLI's settlement with the DOJ/CMS.
The payments were projected to be $139,00 ($57,000= federal, $82,000= State) over the original ensuing 13 week period. The amount of the federal and state payments could change and are further subject to final state negotiation.
Refer to the attached DOJ/CMS payments Tab which provides a schedule of payments.

Note # 3 The cashflow budget provides for professional fees related to the retention of professionals, including legal counsel, Raymond James, etc.. These professional fees are necessary
to ensure the Debtor can smoothly transition into Chapter 11 and have an appropriate and effective plan. The amount of these fees
may be subject to change due to the actual volume of work performed and the needs of the bankruptcy.

Note # 4 DEA/States licenses need to be paid by credit card. The company may use employees credit card to pay for the licenses since company credit card is on hold. We will reimburse the credit card holders immediately as soon as the licenses get paid.
We will provide supporting documents for the same if needed.

Note # 5 Ansell's legal fees and Creditors Committee Fees will be paid subject to availability of cash.
In addition to the periodic payments to be made to Ansell Grimm indicated above, there is an additional accrued liability for fees due of $266,427.
Ansell's fees included in the budget are for budgeting purposes only and are subject in all respects to the $400,000 Carve-Out provided to Ansell in the cash collateral order
and that any amounts not utilized in the budget shall be carried over and available to pay Ansell fees in subsequent periods.

In addition to the periodic payments to be made to the Creditors Committee indicated above, there is an additional accrued liability for fees due of $85,000 for October 31, and $55,000 for November 30
The Committees' fees included in the budget are for budgeting purposes only and are subject in all respects to the $335,000 Carve-Out provided to the Committee in the
cash collateral order and that any amounts not utilized in the budget shall be carried over and available to pay the Committee's fees in subsequent periods.

428

($' 1000)

Approved by Court

| | | | Week | Week | Week | Week | Week | Week | Week | Week | Week | Week | Week | Week | Week | Week | Week | Week | Week | Week | Week | Week | Week |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| | | | 10/07-10/13 | 10/14-10/20 | 10/21-10/27 | 10/28-11/03 | 11/04-11/10 | 11/11/-11/17 | 11/18-11/24 | 11/25-12/01 | 12/2-12/08 | 12/09-12/15 | 12/16-12/22 | 12/23-12/29 | 12/30-01/05 | 01/06-01/12 | 01/13-01/19 | 01/20-01/26 | 01/27-02/02 | 02/03-02/09 | 02/10-02/16 | 02/17-02/23 | 02/24-03/02 |
| | **SECURED/ RENTAL/ LEASES -** | | | | | | | | | | | | | | | | | | | | | | |
| | TAK Properties | Kansas City Plant Rent | | | $ 69 | | | | $ 69 | $ 69 | $ 69 | | | | $ 69 | | | | $ 69 | | | | $ 69 |
| | Stark Office Suites | NY Office Rent | | | $ 6 | | | | $ 6 | $ 5.7 | | | | | $ 5.5 | | | | $ 5.5 | | | | $ 5.5 |
| | **Total** | | **$ -** | **$ -** | **$ 75** | **$ -** | **$ -** | **$ -** | **$ 75** | **$ 75** | **$ 69** | **$ -** | **$ -** | **$ -** | **$ 75** | **$ -** | **$ -** | **$ -** | **$ 75** | **$ -** | **$ -** | **$ -** | **$ 75** |
| | **INSURANCE - Health/Dental/Vision/Life -** | | | | | | | | | | | | | | | | | | | | | | |
| | Aflac & Group | | | | | | $ 3 | $ 0.02 | | | $ 3.5 | | $ 3.5 | | $ 3.2 | | $ 3.2 | | $ 3.2 | | | | $ 3.2 |
| | Blue Cross Blue Shield | | | | | | | $ 122 | | | | | $ 122.0 | | | | $ 122.0 | | | | $ 122.0 | | |
| | Delta Dental | | | | | | $ 4 | $ 4 | | | $ 5.8 | | $ 5.5 | | $ 6.6 | | $ 3.9 | | $ 3.9 | | $ 3.9 | | $ 3.9 |
| | Hartford Life Ins | | | | | | $ 11 | | | | $ 11.4 | | | | $ 11.3 | | | | $ 11.3 | | | | $ 11.3 |
| | Standard | | | | | | $ 1 | | | | $ 1.0 | | $ 0.6 | | $ 1.0 | | | | $ 1.0 | | | | $ 1.0 |
| | PIP Ins | | | | | | $ 0.09 | | | $ 0.04 | $ 0.1 | | | | $ 0.1 | | | | $ 0.1 | | | | $ 0.1 |
| | Marsh Mclennan (Admin) | | | | | | | $ 0.33 | | | $ 0.3 | | | | $ 0.3 | | | | $ 0.3 | | | | $ 0.3 |
| | Mutual of Omaha (Admin) | | | | | | | | | | | | | | $ 0.3 | | | | | | | | |
| | **Total** | | | | | | **$ 20** | **$ 126** | **$ -** | **$ 0.04** | **$ 22.16** | **$ -** | **$ 131.61** | **$ -** | **$ 22.80** | **$ -** | **$ 129.06** | **$ -** | **$ 19.80** | **$ -** | **$ 125.90** | **$ -** | **$ 19.80** |
| | **ADMINISTRATIVE & SELLING -** | | | | | | | | | | | | | | | | | | | | | | |
| | Dr. Nirmal Mulye | CEO & Chairman | | $ - | $ - | $ 5 | $ 5 | $ 5 | $ 5 | $ 5 | $ 5 | $ 5 | $ 5 | $ 5 | $ 5 | $ 5 | $ 5 | $ 5 | $ 5 | $ 5 | $ 5 | $ 5 | $ 5 |
| Note 2 | Anil Anand | Sr. Operation Consultant | | $ - | $ - | $ 8.5 | $ - | $ 8.5 | $ - | $ 8.5 | $ - | $ 8.5 | | $ 8.5 | | $ 8.5 | | $ 8.5 | | $ 8.5 | | $ 8.5 | |
| | Carlton Asher | Secretary & General Counsel | | | $ - | $ - | $ - | $ - | $ - | $ - | | | | | | | | | | | | | |
| | Bernard Berk | President & Vice Chairman | | | $ - | $ - | $ - | $ - | $ - | $ - | | | | | | | | | | | | | |
| | Bridgete Ahn | Legal - Pharmaceutical Expert | | | $ - | $ - | $ - | $ - | $ - | $ - | | | | | | | | | | | | | |
| | PSL Consulting LLC | NLI Sales & Marketing Group | | $ 5 | $ 5 | $ 5 | | $ 5 | | $ 5 | | $ 5 | | $ 5 | | $ 5 | | $ 5 | | $ 5 | | $ 5 | |
| | GRx Pharma | NLI Sales & Marketing Group | | $ 5 | $ 5 | $ 5 | | $ 5 | | $ 5 | | $ 4.8 | | $ 4.8 | | $ 4.8 | | $ 4.8 | | $ 4.8 | | $ 4.8 | |
| | Michael Amato | NLI Sales & Marketing Group | | | $ 5 | | | | | $ 5 | | | | | $ 5 | | | | $ 5 | | | | $ 5 |
| | Chris Renn | IT Support | | $ 0.4800 | | $ 1.1 | 0.94 | 0.60 | 0.60 | $ 0.6 | $ 0.5 | $ 0.5 | $ 0.5 | $ 0.5 | $ 0.5 | $ 0.5 | $ 0.5 | $ 0.5 | $ 0.5 | $ 0.5 | $ 0.5 | $ 0.5 | $ 0.5 |
| Note 3 | Dr. Neil MacIntyre- Pulmonologist Duke Univ. | NLI Sales & Marketing Group | | | | | | | | | | $ 4.5 | | | | | | | | | | | |
| | **Total** | | **$ -** | **$ 10** | **$ 15** | **$ 24** | **$ 6** | **$ 24** | **$ 6** | **$ 29** | **$ 6** | **$ 28** | **$ 6** | **$ 24** | **$ 11** | **$ 24** | **$ 6** | **$ 24** | **$ 11** | **$ 24** | **$ 6** | **$ 24** | **$ 11** |
| | **OPERATING COST - COGS, Utilities, Supplies, Maintenance etc -** | | | | | | | | | | | | | | | | | | | | | | |
| | Evergy-Electric | Utility | | | $ 68 | | $ 24 | | | | $ 38.4 | | | | | $ 38.4 | | | $ 38.4 | | | | $ 38.4 |
| | Spire | Utility | | | $ 2 | | | $ 2 | | | $ 5.0 | | | | | $ 5.0 | | | $ 5.0 | | | | $ 5.0 |
| | Symmetry | Utility | | | $ 5 | | $ 21 | | $ 5 | $ 5 | | | | | | $ 4.5 | | | $ 4.5 | | | | $ 4.5 |
| | KC Water | Utility | | | | | | $ 5 | | | $ 5.0 | | | | | $ 5.0 | | | $ 5.0 | | | | $ 5.0 |
| | Bryan City Clerk | Utility | | | | | | $ 12 | | $ 12 | | | $ 11.2 | | | | $ 11.2 | | | | $ 11.2 | | |
| | Ohio Gas Company | Utility | | | | | | $ 1 | | $ 1 | | | $ 1.0 | | | | $ 1.0 | | | | $ 1.0 | | |
| | AT&T | Phone/internet | | | | | $ 1 | | | | $ 1.1 | | | | $ 1.1 | | | | $ 1.1 | | | | $ 1.1 |
| | Spectrum | Phone/internet | | | | | $ 3 | | | | $ 2.7 | | | | $ 2.7 | | | | $ 2.7 | | | | $ 2.7 |
| | Charter Communications | Phone/internet | | | | | | $ 4 | | | $ 1.2 | | | | $ 1.2 | | | | $ 1.2 | | | | $ 1.2 |
| | Frontier | Phone/internet | | | | | $ 1 | | | | | | $ 1.0 | | | | $ 1.0 | | | | $ 1.0 | | |
| | Ace Imagewear | Uniforms/misc | | | $ 1 | | $ 1 | | | | $ 0.7 | | $ 2.8 | $ 0.6 | $ 0.6 | $ 0.6 | $ 0.6 | $ 0.6 | $ 0.6 | $ 0.6 | $ 0.6 | $ 0.6 | $ 0.6 |
| | Agilent | Contract for Labs | | | | | $ 25 | $ 1 | $ 12 | $ 12 | $ 11.7 | | $ 4.5 | | $ 5.98 | | $ 8.7 | | | | | | |
| | Alcami | Outside Testing | | | | | | | $ 6 | | $ 6.1 | | $ 5.0 | | $ 5.0 | | | | | | | | |
| | Alta_Pak Midwest | Ploy Bags | | | | | | | | $ 1.80 | | | | | | | | | | | | | |
| | Altro | Admin Fee/Rebate | | | | | | | $ 22 | | | | | $ 15.0 | | | | $ 15.0 | | | | $ 15.0 | |
| | Amazon | Cleaning Supplies - production | | | | $ 4 | | | | $ 2.58 | | | $ 2.0 | | | | $ 2.0 | | | | $ 2.0 | | |
| | American Textile Mills | Rubber Gloves | | | | | | | | $ 0.70 | | | | | | | | | | | | | |
| | Antibus | Calibration | | | | | $ 4.2 | $ 4 | $ 4 | | | | | | | | | | | | | | |
| | AntonPar | Calibration - Microwave Digester | | | | | | $ 3 | | | $ 3.3 | | | | | | | | | | | | |
| | Ascentis | Time Clock | | | | | $ 1 | | | | | | $ 0.6 | | | | $ 0.6 | | | | $ 0.6 | | |
| | AT&S | Rental Trailers | | | | | | | | $ 1.6 | $ 1.3 | | | | $ 1.3 | | | | $ 1.3 | | | | $ 1.3 |
| | Austin Chemical | Shipping cost | | | | $ 0 | | | | | | | | | | | | | | | | | |
| | AWS | IT | | | | | | | | | | | $ 0.8 | | | | $ 0.8 | | | | $ 0.8 | | |
| | Bank of America Credit Card | Supplies purchased through credit card | | | | $ 7 | | | $ 8 | | | $ 7.5 | | | | | | | | | | | |
| | BioMiereaux | Lab Supplies | | | | | | $ 5 | | | $ 0.6 | | | | | | | | | | | | |
| | Bioscience | Lab Supplies | | | | | | | | | | $ 0.8 | | | | $ 0.8 | | | | $ 0.8 | | | $ 0.8 |
| | Boyd Delivery | Freight | | | | | $ 1 | | | | | | $ 0.5 | | | | | | | | | | |
| | Brookfield | QC Calibration | | | | | | | | $ 1 | $ 0.7 | | | | | | | | | | | | |
| | Cannon Copier | Copier Rental | | | | | | | | | | $ 3.7 | | | $ 3.7 | | | | | $ - | | | $ - |
| | Charter Communications | Internet & DdoS | | | | | | | | | $ 3.7 | | | | $ 3.7 | | | | $ 3.7 | | | | $ 3.7 |
| | Cintas | Uniforms/misc | | | | | $ 2 | | | | | $ 1.6 | | | | $ 1.6 | | | | $ 1.6 | | | $ 1.6 |
| | Cole Parmer | Equipment for QC Lab | | | | | | | | | $ 8.0 | | | | | | | | | | | | |
| | Compactor Rental of America | Compactor | | | | | $ 0.33 | | | | | | $ 0.7 | $ 0.3 | | | | | | | | | |
| | Concetra | Medical | | | | | $ 0.1 | | | | | | $ 0.4 | | | | | | | | | | |
| | Current Office Solutions | Office Supplies | | | | | | | | | $ 0.6 | | | | $ 0.6 | | | | $ 0.6 | | | | $ 0.6 |
| | Dickson | Chart Recorder | | | | | | | | | $ 0.4 | | | | | | | | | | | | |
| | Domino | Serialization | | | | | | | | $ 1.00 | $ 1.2 | | | | | | | | | | | | |
| | DXP SuperCenter | Water Pump | | | | | $ 3 | | | | | | | | | | | | | | | | |
| | DXP Supercenter | Water Pump - Maintenance | | | | | | | | | $ 3.4 | | | | | | | | | | | | |
| | E-bay | Analog Trimmer | | | | | | | | $ 0.07 | | | | | | | | | | | | | |
| Note #1 | Enem Nostrum Remedies Pvt. Ltd. | Quality Labs & Formulation works | | | | $ 50 | $ 50 | $ 50 | $ 50 | $ 50 | $ 50.0 | $ 50.0 | $ 50.0 | $ 50.0 | $ 50.0 | $ 50.0 | $ 50.0 | $ 50.0 | $ 50.0 | $ 50.0 | $ 50.0 | $ 50.0 | $ 50.0 |
| | Equipments Maintenance , Calibration etc | | | | | | | | | | | | | | | | | | | | | | |
| | Evoqua | Water system for stability chamber | | | | | | $ 2 | | | $ 2.1 | | | | | | | | | | | | |
| | F.H Kaysing | Custom Clearing Cost | | | | | $ 1 | | | | | | | | | | | | | | | | |
| | Fedex | Freight | | | | | $ 0 | | | | | | $ 0.2 | | | $ 0.2 | | | | $ 0.2 | | | $ 0.2 |
| | Fette | 2 Fette 3090 & 1 Fette 3200i | | | | | | | | | | | | | | $ 14.7 | | | | | | | |
| | Fike | Equipment Support - Glatt 120/200 | | | | | | | | | | | $ 1.7 | | | | | | | | | | |
| | Fisher Scientific | Lab Supplies | | | | | $ 1 | | | $ 4.3 | $ 4.6 | | | | $ 1.5 | | $ 1.5 | | | $ 1.5 | | | $ 1.5 |
| | Fitzenrider | Refrigerator Testing | | | | | | | | | | $ 0.8 | | | | | | | | | | | |
| | General laboratory Products | Mico Lab Supplies | | | | | $ 0.3 | | | | $ 1.6 | | | | $ 1.6 | | | $ 1.6 | | | $ 1.6 | | |
| | Grainger | Chart Paper and Pens | | | | | | | | $ 0.48 | | | | | | | | | | | | | |
| | Hardy | Lab Supplies | | | | | $ 1.6 | | | | | | | | | | | | | | | | |
| | Hemal Naik | Reimbursement of expenses | | | | | $ 0.6 | | | | | | | | | | | | | | | | |
| | Heritage Crystal | Trash Svc | | | | | $ 5 | | | | | | $ 3.9 | | | | | | | | | | |
| | HOH Water Technology | Boiler Chemical testing | | | | | $ 0.1 | | | | | | | | | | | | | | | | |
| | Home Depot | Salt - water softener | | | | | | | | $ 0.36 | | | | | | | | | | | | | |
| | IPS | Clibratio - Glatt 120/200 | | | | | | | | | | | | | | | | | $ 13.5 | | | | |
| | Jane Galliers | Reimbursement of expenses | | | | | $ 3 | | | | | | | | | | | | | | | | |
| | Kessler | OH QC Calibration | | | | | | | | | $ 0.3 | | | | | | | | | | | | |
| | Laboratory Certification | Calibration of hoods and bio safety cabinets | | | | | | | | | $ 2.6 | | | | | | | | | | | | |
| | Leaf | IT | | | | | | | | | $ 1.5 | | $ 1.8 | | | | $ 1.8 | | | | $ 1.8 | | |
| | Life Technologies | Bottles/Caps | | | | | | | | | $ 0.9 | | | | | | | | | | | | |
| | Lippert | | | | | | $ 1.3 | | | | | | | | | | | | | | | | |
| | Liquitech | 5 Gallon Pails of LQ 230 | | | | | | | | $ 0.27 | | | | | | | | | | | | | |
| | MAC Water Technologies | Cold Sterilant | | | | | | | | | $ 1.9 | | | | | | | | | | | | |
| | Manoj Hanmattekar | Reimbursement of expenses | | | | | $ 1 | | | | | | | | | | | | | | | | |
| | Mercy Medical Waste | Wase Disposal | | | | | $ 2 | | | | $ 2.5 | | | | | | | | | | | | |
| | Messer | Nitro Tank Rental & Waste | | | | | $ 1 | | | | | | $ 0.8 | | $ 2.5 | | $ 0.8 | | | | $ 0.8 | | |
| | Mettler Toledo | | | | | | $ 0.6 | | | | | | | | | | | | | | | | |
| | Micro Precision | Equipment Support - Glatt 200 | | | | | | | | | | $ 0.1 | | | | | | | | | | | |
| | Microbac | FG Test | | | | | | | | | $ 1.8 | | | | | | | | | | | | |
| | Midwest Duct | Glatt 200 duct cleaning | | | | | | | | | $ 1.2 | | | | | | | | | | | | |
| | Minitab | Software Subscription | | | | | | | | | | | $ 2.50 | | | | $ 2.5 | | | | | | |
| | Nationewide | 401K Admin Fee | | | | | $ 2.5 | | | | $ 2.5 | | | | | | $ 2.5 | | | | | | |
| | Navitas | Regulatory Software | | | | | | | | | | | | | | | $ 2.5 | | | | | | $ 2.5 |
| | NLI- Healthcare India Pvt. Ltd. | Subsidiary of NLI USA | | | | | $ 5 | | | | | | $ 5.0 | | | | | | | | | | $ 5.0 |
| | North Point Boiler | Tfeeder Tank for the north boiler | | | | | | | | | | $ 15.0 | | | | | | $ 10.0 | | | $ 25.0 | | $ 5.0 |
| | Office Partners | Warehouse Supplies | | | | | | | | | | $ 0.5 | | | | | | | | | | | |
| | OH EPA | Environmental - Air Pollution Control | | | | | $ 0.2 | | | | | | | | | | | | | | | | |
| | OMNI | Mandatory Harassment Training | | | | | | | | | | | | | | | $ 2.0 | | | | | | |
| | OpsGenie Inc | IT Support | | | | | $ 0.5 | | | | | | | | | | | | | | | | |
| | Optel | Product Serialization Vendor | | | | | | $ 20 | | | | | $ 20.0 | | | | $ 20.0 | | | | $ 20.0 | | |
| | OMSAV Pharma Research | Nitrofurantoin Monohydrate | | | | | | | | | | | | | $ 11.3 | | | | | | | | |
| | Particle Technology Labs | QC Testing | | | | | $ 0.4 | | | | | | | | | | | | | | | | |
| | Perkin Elmer | | | | | | $ 5.8 | $ 7 | $ 15 | $ 6 | | | | | | | | | | | | | |
| | Pharma Vector | Medicaid Rebate - AMP/State Reports | | | | | $ 7 | | | | $ 7.0 | $ 2.5 | | | | | $ 7.0 | | | | $ 7.0 | | |
| | Pitney Bowes | Postage Machine Refill | | | | | | | | | | $ 0.3 | | | | $ 0.3 | | | | $ 0.3 | | | |
| | Postage | Mail | | | | | | | | $ 0.35 | | $ 0.3 | | | $ 0.3 | | | $ 0.3 | | | $ 0.3 | | |
| | Presto-X | Pest Constrol Svc | | | | | $ 0.3 | | | | $ 2.0 | | | | $ 2.0 | | | | $ 2.0 | | | | $ 2.0 |
| | Pure Water Parters | Water cooler rental | | | | | | | | | | | $ 1.6 | $ 0.5 | | $ 0.5 | | | | $ 0.5 | | | $ 0.5 |
| | Purchase Power | Postage Machine Ink | | | | | | | | | | $ 0.4 | | | | $ 0.4 | | | | $ 0.4 | | | $ 0.4 |
| | Quality Vending | | | | | | $ 0.2 | | | | | | | | | | | | | | | | |
| | Republic Services | Trash Svc | | | | | $ 1 | | $ 0.25 | $ 3.25 | $ 3.3 | | $ 0.4 | | | | $ 3.5 | | | $ 3.5 | | | $ 3.5 |
| | Rhodes Fence Company | | | | | | $ 1.4 | | | | | | | | | | | | | | | | |
| | Roberta Farrell | Legal Cost - VISA | | | | | $ 4 | | | | | | | | | | | | | | | | |
| | Rose Pest Control | Pest Svc | | | | | $ 1 | | | | | | $ 0.7 | $ 0.7 | | | | | | | $ 0.7 | | |
| | RxCross Road 3PL | Third Party Distribution Centre | | | | | | | | | | | | | | | | | | | | | |
| | Sams Club | Office Supplies | | | | | | | | $ 1.10 | | | $ 1.0 | | | | $ 1.0 | | | | $ 1.0 | | |
| | Security Tech | | | | | | $ 2.8 | | | | | | | | | | | | | | | | |
| | Senaphone | Water Detector | | | | | | | | $ 0.08 | | | | | | | | | | | | | |
| | Senitech | Data Loggers | | | | | | | | | | $ 0.5 | | | | | | | | | | | |
| | Servolift | Equipment Part | | | | | | | | | $ 0.4 | | | | | | | | | | | | |
| | Shambaugh & Sons | Blackflow/Wet System | | | | | | | $ 3 | | | $ 2.6 | | | | | | | | | | | |
| | SHI | Cloud Software | | | | | | | | | | | $ 0.2 | | | | $ 0.2 | | | | $ 0.2 | | |
| | Sigma Aldrich | | | | | | $ 1.2 | | | | | $ 0.7 | | $ 0.4 | | | $ 1.0 | | | $ 1.0 | | | $ 1.0 |
| | Sotax | Calibration | | | | | | | $ 6 | $ 6 | $ 6.3 | | | | $ 6.3 | | | | | $ 6.3 | | | $ 6.3 |
| | Staples | Office Supplies | | | | | | | | | | $ 1.0 | | | | | | | | | | | |
| | Telzio | Phone | | | | | | | $ 0.5 | | | $ 0.5 | | | | $ 0.5 | | | | $ 0.5 | | | $ 0.5 |
| | Test and Measurement | Calibration - Production & Lab Equipments | | | | | | | | | $ 4.0 | | | | | | $ 3.5 | | | $ 5.0 | | | |
| | Transpak | Black Plastic Pallets | | | | | | | | $ 2.32 | | | | | | | | | | | | | |
| | Treasurer State of Ohio | Infectious Waste Large Generator Renewal | | | | | | | | | $ 0.1 | | | | | | | | | | | | |
| | Uline | Facility Supplies | | | | | | | | | | $ 1.2 | | | | $ 1.5 | | | | $ 1.5 | | | $ 1.5 |
| | UPS | Shipping cost | | | | | $ 0.6 | | | | | $ 0.1 | | | | $ 0.1 | | | | $ 0.1 | | | $ 0.1 |
| | US Pharmacopeial | Standardss for testing | | | | | $ 4 | $ 2.1 | $ 1 | $ 1.45 | $ 1.8 | $ 1.1 | $ 0.3 | | $ 1.5 | | | | | | | | |
| | Vaisala | Temperature and Huminity Mapping | | | | | | | | | | | $ 8.0 | | | | | | | | | | |
| | Validity Screening | Employee Screening | | | | | | | | | | | $ 0.04 | | | | | | | | | | |
| | Veeam | Licensing | | | | | | | | | | | $ 1.6 | | | | $ 1.6 | | | | $ 1.6 | | |
| | Veolia | Removal of Chemical Waste for facility | | | | | | | $ 15 | | | | | | | | | | | | | | |
| | Vertiv | | | | | | $ 0.5 | | | | | $ 1.8 | | | | | | | | | | | |
| | Violia | | | | | | | | | | | $ 0.9 | | | | | | | | | | | |
| | VWR | Lab Supplies | | | | | $ 2 | | | | | | | | | | | | | | | | |
| | VWR | QC Supplies | | | | | $ 2 | | | | | $ 0.8 | $ 2.8 | $ 1.4 | | | $ 1.5 | | | | $ 1.5 | | |
| | W.S.Tyler | Lab Supplies | | | | | | $ 1 | | | | | | | | | | | | | | | |
| | Waters | HPLC Calibrations for QC Lab | | | | | $ 12 | | $ 12 | | | | | | | | | | | | | | |
| | WBAD | Admin Fee/Rebate | | | | | | | | $ 10 | | | | | | | | | $ 10.0 | | | | $ 10.0 |
| | Wells Fargo | Copier Rental | | | | | $ 3 | | | | | | $ 3.2 | | | | $ 3.2 | | | | $ 3.2 | | |
| | World Courier | Freight | | | | | $ 1 | | | | | | $ 4.4 | | | | $ 4.4 | | | | $ 4.4 | | |
| | Worldwide Express | Freight | | | | | $ 0 | | | | $ 0.5 | | $ 0.4 | | | | $ 0.5 | | | | $ 0.5 | | |
| | Keyvan Tir | Mail Expense Reimbursement | | | | | | | | | $ 0.03 | | | | | | | | | | | | |
| | **Total** | | **$ -** | **$ -** | **$ 75** | **$ 61** | **$ 214** | **$ 119** | **$ 159** | **$ 124** | **$ 194** | **$ 94** | **$ 141** | **$ 69** | **$ 103** | **$ 124** | **$ 137** | **$ 77** | **$ 139** | **$ 74** | **$ 137** | **$ 66** | **$ 156** |

Note #1 The Enem payments are estimated to be $50,000 per week. However actual invoices may exceed this amount. We will provide the invoices.

Note #2 This amount is $8,500.00 every two weeks

Note #3 Dr. Neil MacIntyre- Pulmonologist Duke Univ. Dr. McIntyre has been providing and continues to provide numerous weekly phone/zoom presentations to pulmononilists re: NLI'S theophylline product ; in particular the 100mg and 200mg. He has also previoulsy incurred travel /marketing costs. The $4,500 is a one time payment for his services.

**Nostrum Laboratories, Inc.**

**Payment Plans  - Federal & State**

| 10/30/2023 | Settled date | Federal Original Payment Schdule |
|---|---|---|
| **Federal Dates** | | **Amount** |
| 11/6/2023 | 7 Days of the effective date of Agreemer | $ 39,750.00 |
| 1/5/2024 | 60 Days of the 1st Installment | $ 39,750.00 |
| 3/5/2024 | 120 Days of the 1st Installment | $ 92,750.00 |
| 5/4/2024 | 180 Days of the 1st Installment | $ 92,750.00 |
| | | |
| 11/3/2024 | 1 year of the 1st Installment | $ 567,100.00 |
| 11/3/2025 | 2 years of the 1st Installment | $ 66,250.00 |
| 11/3/2026 | 3 years of the 1st Installment | $ 68,900.00 |
| 11/3/2027 | 4 years of the 1st Installment | $ 132,500.00 |
| 11/3/2028 | 5 years of the 1st Installment | $ 132,500.00 |
| | | $ 1,232,250.00 |

| 10/30/2023 | Settled date | Federal Revised Payment Schdule (09/18/24) |
|---|---|---|
| **Federal Dates** | | **Amount** |
| 11/6/2023 | 7 Days of the effective date of Agreement | $ 39,750.00 |
| 1/5/2024 | 60 Days of the 1st Installment | $ 39,750.00 |
| 3/5/2024 | 120 Days of the 1st Installment | $ 92,750.00 |
| 5/4/2024 | 180 Days of the 1st Installment | $ 92,750.00 |
| | | |
| 11/3/2024 | 1 year of the 1st Installment | $ 56,710.00 |
| 4/30/2024 | 1 year of the 2nd Installment | $ 170,130.00 |
| 10/31/2025 | 1 year of the 3rd Installment | $ 340,260.00 |
| 11/3/2025 | 2 years of the 1st Installment | $ 66,250.00 |
| 11/3/2026 | 3 years of the 1st Installment | $ 68,900.00 |
| 11/3/2027 | 4 years of the 1st Installment | $ 132,500.00 |
| 11/3/2028 | 5 years of the 1st Installment | $ 132,500.00 |
| | | $ 1,232,250.00 |

| 5/27/2024 | Settled date | State Original Payment Schedule |
|---|---|---|
| **State Dates** | | **Amount** |
| 6/3/2024 | 7 Days of the effective date of Agreemer | $ 35,250.00 |
| 8/2/2024 | 60 Days of the 1st Installment | $ 35,250.00 |
| | | |
| 10/1/2024 | 120 Days of the 1st Installment | $ 82,250.00 |
| 11/30/2024 | 180 Days of the 1st Installment | $ 82,250.00 |
| 6/3/2025 | 1 year of the 1st Installment | $ 502,900.00 |
| 6/3/2026 | 2 years of the 1st Installment | $ 58,750.00 |
| 6/3/2027 | 3 years of the 1st Installment | $ 61,100.00 |
| 6/2/2028 | 4 years of the 1st Installment | $ 117,500.00 |
| 8/1/2029 | 5 years of the 1st Installment | $ 117,500.00 |
| | | $ 1,092,750.00 |

**Note - Highlighted green amounts are paid as of 09/30/2024.**

| 5/27/2024 | Settled date | State Proposed Payment Schedule (09/27/2024) |
|---|---|---|
| **State Dates** | | **Amount** |
| 6/3/2024 | 7 Days of the effective date of Agreement | $ 35,250.00 |
| 8/2/2024 | 60 Days of the 1st Installment | $ 35,250.00 |
| | | |
| 11/30/2024 | 120 Days of the 1st Installment | $ 82,250.00 |
| 1/31/2025 | 180 Days of the 1st Installment | $ 82,250.00 |
| 6/3/2025 | 1 year of the 1st Installment | $ 83,817.00 |
| 7/3/2025 | 1 year of the 2nd Installment | $ 83,817.00 |
| 8/3/2025 | 1 year of the 3rd Installment | $ 83,817.00 |
| 9/3/2025 | 1 year of the 4th Installment | $ 83,817.00 |
| 10/3/2025 | 1 year of the 5th Installment | $ 83,817.00 |
| 11/3/2025 | 1 year of the 6th Installment | $ 83,815.00 |
| 6/3/2026 | 2 years of the 1st Installment | $ 58,750.00 |
| 6/3/2027 | 3 years of the 1st Installment | $ 61,100.00 |
| 6/2/2028 | 4 years of the 1st Installment | $ 117,500.00 |
| 8/1/2029 | 5 years of the 1st Installment | $ 117,500.00 |
| | | $ 1,092,750.00 |

| Month | AR Collection |
|---|---|
| Jan | $ 3,977,880 |
| Feb | $ 2,916,495 |
| Mar | $ 1,115,849 |
| Apr | $ 1,545,386 |
| May | $ 2,258,524 |
| Jun | $ 970,445 |
| Jul | $ 2,524,054 |
| Aug | $ 2,956,848 |
| Sep | $ 881,674 |
| **Grand Total** | **$ 19,147,155** |
| Avg per month | $ 2,127,462 |
| Avg per week | $ 531,865 |