| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>ANSELL GRIMM & AARON, P.C.<br>James G. Aaron, Esq.<br>Anthony D'Artiglio, Esq.<br>Ansell Grimm & Aaron, P.C.<br>365 Rifle Camp Road<br>Woodland Park, New Jersey 07424<br>Tel: (973) 247-9000<br>E-mail: adartiglio@ansell.law |

| | |
|---|---|
| In re:<br><br>NOSTRUM LABORATORIES, INC.,<br><br>Debtor. | Case No.: 24-19611<br><br>Chapter 11<br><br>Honorable John K. Sherwood, U.S.B.J. |

**MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTOR'S EXCLUSIVITY PERIOD TO SOLICIT ACCEPTANCE OF A CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. § 1121; AND (II) GRANTING RELATED RELIEF**

The above-captioned Debtor, Nostrum Laboratories, Inc. ("Debtor" or "Nostrum") respectfully states the following in support of this Motion ("Motion"):

### Requested Relief

1. Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") (I) Extending The Debtor's Exclusivity Period To Solicit Acceptance Of A Chapter 11 Plan Pursuant To 11 U.S.C. § 1121; And (II) Granting Related Relief ("Motion").

2. On September 30, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief in this Court pursuant to Chapter 11 of Title, United States Code (the "Bankruptcy Code"). Debtor remains in possession of its assets and continues management of its business as a Debtor-in-Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

### Jurisdiction and Venue

3. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are §§ 1121(c) and 1121(d) of Title 11 of the Bankruptcy Code and Bankruptcy Rule 9006.

### Background Facts

6. The Debtor is engaged in the formulation and commercialization of specialty pharmaceutical products and controlled release, orally administered, branded and generic drugs.

7. On or about November 6, 2024, Raymond James & Associates, Inc. ("Raymond James") was retained as Debtor's Investment Banker. *See* Docket Entry ("D.E.") # 123.

8.  Even before their retention was officially approved, Raymond James began working in a steadfast manner garnering interest and support for the sale and acquisition of Debtor's assets.

9.  At this time, Raymond James has gained significant support and as of January 8, 2025, Raymond James received numerous indications of interest which require further investigation and development.

10. However, at this time, with further information pertaining to the sale needed, Debtor respectfully requests that this Court extend the exclusivity period for Debtor to solicit votes on a Chapter 11 Plan ("Plan") from January 28, 2025 to April 28, 2025 ("Exclusivity Period"). Being the Debtor requires further information pertaining to details of the sale process, good cause exists for extension of the Exclusivity Period as further clarification is needed as to which of Debtor's assets can realistically be sold, for what price, and in what timeframe. Based on the significant progress Raymond James has made in the short period of time, good cause exists to grant the extension requested herein.

11. For these reasons, and the reasons set forth below, Debtor respectfully requests this Court grant an extension to the Exclusivity Period as good cause exists for same under § 1121 of the Bankruptcy Code.

### Basis for Relief

12. Pursuant to 11 U.S.C. § 1121, a debtor in possession has the exclusive right to propose a chapter 11 plan. § 1121(b) states: "Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter." Further, §§ 1121(b) and (c) grant debtors the exclusive right to file a plan of reorganization during 120 days immediately after the filing of the bankruptcy and allow debtors 180 days from the date of the petition filing to solicit acceptance of the plan. *In re Pine Run Trust,*

3

*Inc.*, 67 B.R. 432, 433 (Bankr. E.D. Pa 1986). The court is permitted to extend the exclusivity time period for cause pursuant to § 1121(d). *Id*.

13. 11 U.S.C. § 1121(d) states, in relevant part: "(d) On request of a party in interest made within the respective periods specified in subsection (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." *See also In re Pine Run Trust, Inc*. at 434. Notably, the Court stated § 1121(b) "[r]epresents a compromise of competing interests. By granting the debtor a limited period of exclusivity in plan filing, the Code seeks to balance the relative negotiating position of the debtor and creditors." *Id*. at 434.

14. The Bankruptcy Code allows the court "[f]or cause, on request of any party in interest, to reduce or increase the exclusivity periods. 11 U.S.C. § 1121(d)(1). The burden of proving cause to reduce or increase exclusivity is on the moving party." *In re Borders Group, Inc.*, 460 B.R. 818, 821 (Bankr. S.D.N.Y. 2011) (citing *In re Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987) (finding that party seeking either an extension or a termination of exclusivity bears the burden of proving cause)). The determination of "for cause" is a fact-specific inquiry which clothes the Court with broad discretion in determining whether to extend or terminate exclusivity. *Id*.

15. As stated by § 1121(d) of the Code, the Court is permitted to extend the Debtor's exclusivity period "for cause." While "cause" is not defined by the Code, there are various factors a Court may consider on an application to extend the exclusivity period, including but not limited to: (1) the size and complexity of the case; (2) the necessity of sufficient time to negotiate and prepare adequate information; (3) the existence of good faith progress; (4) whether the debtor is paying its debts as it becomes due; (5) whether the debtor has demonstrated reasonable prospects

4

for filing a viable plan; (6) whether the debtor has made progress negotiating with creditors; (7) the length of time a case has been pending; (8) whether the debtor is seeking an extension to pressure creditors; and (9) whether or not unresolved contingencies exist. *See Sung Ho Mo v. HSBC Bank USA, N.A. (In re Sung Ho Mo)*, 650 B.R. 193, 227-28 (Bankr. D.N.J. 2023) (citing *In re Central Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002)).

16. Notably, Courts have routinely held because not all factors are relevant in every case, not all factors are required to determine cause exists. *See In re Borders Group, Inc*. at 827. "[t]he caselaw factors might not, in every case, by themselves be determinative." *Id*. (citing *In re Adelphia Communs. Corp*., 352 B.R. 578, 590 (Bankr. S.D.N.Y. 2006)). The Court in *In re Borders Group, Inc*. cited to *In re Dow Corning Corp*., 208 B.R. 661, 670 (Bankr. E.D. Mich. 1997) for the proposition that: "[w]hen the Court is determining whether to terminate a debtor's exclusivity, the primary consideration should be whether or not doing so would facilitate moving the case forward. And that is a practical call that can override a mere toting up of the factors."

17. In the matter at bar, based on the aforementioned factors and considerations by other courts "cause" exists to extend the Debtor's Exclusivity Period from January 28, 2025 to March 31, 2025. Here, many factors as outlined in *In re Sung Ho Mo* weigh in Debtor's favor. First, the size and complexity of Debtor's case weighs in favor of an extension. This Chapter 11 case deals with a pharmaceutical company that has two separate plants, manufacturing two types of drugs (pills and liquids) -- some of which are lifesaving medications that only the Debtor produces. The sheer complexity of the generic pharmaceutical industry makes this matter rather complex, and the size of the creditor base warrants a finding "cause" for an extension of the Exclusivity Period. Second, the necessity of time to negotiate and prepare adequate information weighs in favor of an extension because Debtor is actively working with their investment banker

5

Raymond James to continue evaluating bids for a proposed auction and sale of certain assets of Debtor. Without further analysis of the continued sale process, an accurate Plan and Disclosure Statement cannot be formulated. Third, there has been considerable good faith progress since the Petition Date with Debtor continuing to operate as a going concern, all while allocating resources to a successful sale and reorganization. Fourth, even though Debtor is cash strapped due to various issues, including but not limited to not receiving payment from one of its largest vendors that accounts for nearly half of Debtor's business in violation of the automatic stay, Debtor is in good faith making as many payments towards debts as they come due. Fifth, the initial bids received from Raymod James show reasonable prospects for filing a viable Plan weighing in favor of granting an extension of the Exclusivity Period. Sixth, Debtor has made significant progress in negotiating with creditors as issues arise. Seventh, the length of time this case has been pending weighs in favor of granting the extension. The petition was filed on September 30, 2024, and Raymond James was retained effective November 6, 2024 meaning it has only been a few months since the case's filing. *See* D.E. # 123. Eighth, the Debtor is not seeking the extension to pressure creditors as Debtor requires further information from Raymond James so Debtor can formulate a reasonable Plan. Ninth, there are existing contingencies that weigh in favor of cause being present necessitating an extension of the Exclusivity Period.

18. Furthermore, as stated in *In re Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987) when a case is not unusually large and the issues involved are not complicated, requests for extensions of the exclusivity period should not be granted. *Citing In re Pine Run Trust, Inc.*, 67 B.R. at 434-35. However, the Court stated: "The large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity

6

periods." *Id*. (citing *Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 298 (W.D. Tenn. 1987*)*; *In re Pine Run Trust*, 67 B.R. at 435; *In re United Press International, Inc*., 60 B.R. 265, 270 (Bankr. D.C. 1986); *In re American Federation of Television and Radio Artists*, 30 B.R. 772, 774 (Bankr. S.D.N.Y. 1983)).

19.    Based on the foregoing, good cause exists for this Court to grant an extension to the Exclusivity Period so Debtor can continue gathering necessary information vital to a sale and reorganization so an appropriate Plan and Disclosure Statement can be filed in the coming months.

### Request of Waiver of Stay

20.    To the extent that the relief sought in the Motion constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtor seeks a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).  Further, to the extent applicable, the Debtor requests that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied.  As explained herein, the relief requested in this Motion is immediately necessary for the Debtor to be able to continue to operate its business and preserve the value of its estate for the benefit of all creditors.

### Waiver of Memorandum of Law

21.    The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtor relies is set forth herein and the Motion does not raise any novel issues of law.

### Reservation of Rights

22.    Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtor, (b) a waiver of the Debtor's rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an

implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtor expressly reserves its rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor's rights to subsequently dispute such claim.

## No Prior Request

23.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

## Notice

24.    The Debtor will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey; (b) Citizens Bank, N.A.; (c) the Official Committee of the Unsecured Creditors; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtor respectfully requests that the Court enter interim and final orders, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: Woodland Park, New Jersey　　　　　　　**ANSELL GRIMM & AARON, P.C.**
　　　　January 10, 2025

　　　　　　　　　　　　　　　　　　　　　　　*s/Anthony J. D'Artiglio*
　　　　　　　　　　　　　　　　　　　　　　　Anthony J. D'Artiglio, Esq.
　　　　　　　　　　　　　　　　　　　　　　　James G. Aaron, Esq.
　　　　　　　　　　　　　　　　　　　　　　　365 Rifle Camp Road
　　　　　　　　　　　　　　　　　　　　　　　Woodland Park, New Jersey 07424
　　　　　　　　　　　　　　　　　　　　　　　(973) 247-9000 Phone
　　　　　　　　　　　　　　　　　　　　　　　(973) 247-9199 Facsimile
　　　　　　　　　　　　　　　　　　　　　　　adartiglio@ansell.law

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for the Debtor*

Document    Page 10 of 13

# EXHIBIT A

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>ANSELL GRIMM & AARON, P.C.<br>James G. Aaron, Esq.<br>Anthony D'Artiglio, Esq.<br>Ansell Grimm & Aaron, P.C.<br>365 Rifle Camp Road<br>Woodland Park, New Jersey 07424<br>Tel:  (973) 247-9000<br>E-mail:  adartiglio@ansell.law | |
| In re:<br><br>NOSTRUM LABORATORIES, INC.,<br><br>Debtor. | Case No.: 24-19611<br><br>Chapter 11<br><br>Honorable John K. Sherwood, U.S.B.J. |

### ORDER (I) EXTENDING THE DEBTOR'S EXCLUSIVITY PERIOD TO SOLICIT ACCEPTANCE OF A CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. § 1121; AND (II) <u>GRANTING RELATED RELIEF</u>

The relief set forth on the following pages, numbered two (2) through three (3) is **ORDERED**

Upon Debtor's Motion for Entry of an Order (I) Extending the Debtor's Exclusivity Period to Solicit Acceptance of a Chapter 11 Plan (the "Motion"), for the reasons set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estates, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just, cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED**.

2. Pursuant to 11 U.S.C. § 1121(d) of the Bankruptcy Code Debtor's exclusivity period pursuant to 11 U.S.C. § 1121(c) is hereby extended from January 28, 2025 to April 28, 2025.

3. Nothing contained herein shall prejudice the Debtor's rights to seek further extension(s) of the Exclusivity Period consistent with 11 U.S.C. § 1121(d) of the Bankruptcy Code or impact the rights of any parties in interest should they object to such requests.

4. The Debtor is authorized but not directed to take all necessary actions to effectuate the rights granted pursuant to this Order in accordance with this Motion.

5. Notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.