**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

ANSELL GRIMM & AARON, P.C.
James G. Aaron, Esq.
Anthony D'Artiglio, Esq.
Ansell Grimm & Aaron, P.C.
365 Rifle Camp Road
Woodland Park, New Jersey 07424
Tel: (973) 247-9000
E-mail: adartiglio@ansell.law

In re:

NOSTRUM LABORATORIES, INC.,

Debtor.

Case No.: 24-19611

Chapter 11

Honorable John K. Sherwood, U.S.B.J.

**MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTOR'S TIME TO ASSUME OR REJECT UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365(d)(4)(B)(i); AND (II) GRANTING RELATED RELIEF**

The above-captioned Debtor, Nostrum Laboratories, Inc. ("Debtor" or "Nostrum") respectfully states the following in support of this Motion ("Motion"):

### Requested Relief

1. Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") (I) Extending The Debtor's Time To Assume Or Reject Unexpired Leases Pursuant To 11 U.S.C. § 365(d)(4)(B)(i); And (II) Granting Related Relief ("Motion").

2. On September 30, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief in this Court pursuant to Chapter 11 of Title, United States Code (the "Bankruptcy Code"). Debtor remains in possession of its assets and continues management of its business as a Debtor-in-Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

### Jurisdiction and Venue

3. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are §§ 105 and 365(d)(4)(B) of Title 11 of the Bankruptcy Code and Bankruptcy Rule 9006.

### Background Facts

6. The Debtor is engaged in the formulation and commercialization of specialty pharmaceutical products and controlled release, orally administered, branded and generic drugs.

7. Debtor has two plants -- one in Kansas City, Missouri which manufactures pills and another plant in Bryan, Ohio which manufactures liquids. Due to the complexity of the relationships Debtor has with various businesses, including but not limited to customers, vendors, wholesalers, packaging companies, retailers, landlords and the like, Debtor has hundreds or

thousands of agreements which are related to the day to day operations of Debtor's business whether for the production and supply of goods and services for Debtor's business or leases ("Leases") for real property. Namely, these real property leases are for commercial spaces subject to 11 U.S.C. § 365(d)(4) of the Bankruptcy Code.

8. While Debtor continues to operate as a going concern, Debtor's investment banker Raymond James & Associates, Inc. ("Raymond James") has been and continues to garner bids for certain assets of Debtor in an effort to have a successful sale and reorganization in an expedient manner. Specifically, Raymond James obtained initial indications of interest this week which require additional examination.

9. Because it is possible certain of Debtor's assets, including some or all of its Leases, may be sold to a successful bidder (or may be utilized by Debtor as part of a reorganization) and that bidder may have different plans for the assets than Debtor would, that bidder may be in a better position to determine whether the Lease should be assumed or rejected.

10. For these reasons, and the reasons set forth below, Debtor respectfully requests this Court grant a 90-day extension to the current 11 U.S.C. § 365(d)(4) deadline from January 28, 2025 to April 28, 2025 to achieve the maximum value in sale efforts without further delay.

**Basis for Relief**

11. Pursuant to 11 U.S.C. § 365(d)(4) of the Bankruptcy Code, a trustee or debtor in possession may extend the time to assume or reject a lease of non-residential or real property upon a showing of good cause. *In re Great Feeling Spas, Inc.*, 275 B.R. 476, 478 (Bankr. D. N.J. 2002).

12. 11 U.S.C. § 365(d)(4) states, in relevant part: "Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of:

3

  (i)  the date that is 120 days after the date of the order for relief; or

  (ii)  the date of the entry of an order confirming a plan.

  (B)(i) The court may extend the period determined under subparagraph (A), **prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause**. (emphasis added).

  13.  While "cause" is not defined by the Bankruptcy Code, Courts defer to a plethora of factors to determine whether "cause" exists, including but not limited to: (1) whether the lease is the primary asset of the debtor; (2) whether the lessor has a reversionary interest in the building built by the debtor on the landlord's land; (3) whether the debtor has had time to intelligently appraise its financial situation and potential value of its assets in terms of the formulation of a plan; (4) whether the lessor continues to receive the rent required in the lease; (5) whether the lessor will be damaged beyond the compensation available under the Bankruptcy Code due to the debtor's continued occupation; (6) whether the case is exceptionally complex and involves a large number of leases; (7) whether the need exists for a judicial determination of whether the lease is a disguised security interest; (8) whether the debtor has failed or is unable to formulate a plan when it has had more than enough time to do so; (9) any other factors bearing on whether the debtor has had a reasonable amount of time to assume or reject the lease. *In re Ernst Home Ctr.*, 209 B.R. 967, 970 (Bankr. W.D. Wa 1997). The court further stated: "The test 'for cause' under Section 365(d)(4) leaves a great deal of discretion to the Court to weigh all relevant factors related to a request to extend the time for assumption or rejection of leases." *Id*.

  14.  Per the above factors, Debtor has not had adequate time to "intelligently analyze" whether certain Leases create value to the estate in an effort to formulate a Plan as Raymond James continues their efforts to negotiate bids for a sale.

4

15. Because this is a complex case (notwithstanding the limited number of leases) it also favors this Court granting a 90-day extension to assume or reject Leases. Additionally, Debtor has not had a 'reasonable amount of time' to consider whether assuming or rejecting certain Leases is proper. The Debtor requires additional time to consider whether these Leases add value to the estate for the go-forward operations, particularly because initial indications of interest were just submitted to Raymond James. Thus, without a more concrete understanding of the sale process from Raymond James, Debtor cannot make an informed decision as to whether it is reasonable to assume or reject Leases at this juncture.

16. For these reasons, Debtor respectfully requests this Court extend the current deadline pursuant to § 364(d)(4) an additional 90-days through and including April 28, 2025.

**Request of Waiver of Stay**

17. To the extent that the relief sought in the Motion constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtor seeks a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). Further, to the extent applicable, the Debtor requests that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied. As explained herein, the relief requested in this Motion is immediately necessary for the Debtor to be able to continue to operate its business and preserve the value of its estate for the benefit of all creditors.

**Waiver of Memorandum of Law**

18. The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtor relies is set forth herein and the Motion does not raise any novel issues of law.

**Reservation of Rights**

19. Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtor, (b) a waiver of the Debtor's rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtor expressly reserves its rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor's rights to subsequently dispute such claim.

**No Prior Request**

20. No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Notice**

21. The Debtor will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey; (b) Citizens Bank, N.A.; (c) the Official Committee of the Unsecured Creditors; (d) all Lease counterparties and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.

The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: Woodland Park, New Jersey　　　　　　**ANSELL GRIMM & AARON, P.C.**
　　　　　January 10, 2025

　　　　　　　　　　　　　　　　　　　　　　　*s/Anthony J. D'Artiglio*
　　　　　　　　　　　　　　　　　　　　　　　Anthony J. D'Artiglio, Esq.
　　　　　　　　　　　　　　　　　　　　　　　James G. Aaron, Esq.
　　　　　　　　　　　　　　　　　　　　　　　365 Rifle Camp Road
　　　　　　　　　　　　　　　　　　　　　　　Woodland Park, New Jersey 07424
　　　　　　　　　　　　　　　　　　　　　　　(973) 247-9000 Phone
　　　　　　　　　　　　　　　　　　　　　　　(973) 247-9199 Facsimile
　　　　　　　　　　　　　　　　　　　　　　　adartiglio@ansell.law

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for the Debtor*

# EXHIBIT A

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>ANSELL GRIMM & AARON, P.C.<br>James G. Aaron, Esq.<br>Anthony D'Artiglio, Esq.<br>Ansell Grimm & Aaron, P.C.<br>365 Rifle Camp Road<br>Woodland Park, New Jersey 07424<br>Tel:  (973) 247-9000<br>E-mail:  adartiglio@ansell.law | |
| In re:<br><br>NOSTRUM LABORATORIES, INC.,<br><br>Debtor. | Case No.: 24-19611<br><br>Chapter 11<br><br>Honorable John K. Sherwood, U.S.B.J. |

**ORDER (I) EXTENDING THE DEBTOR'S TIME TO ASSUME OR REJECT UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365(d)(4)(B)(i); AND (II) <u>GRANTING RELATED RELIEF</u>**

The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**

Upon Debtor's Motion for Entry of an Order (I) Extending the Debtor's Time to Assume or Reject Unexpired Leases Pursuant To 11 U.S.C. § 365(d)(4)(B)(i); and (II) Granting Related Relief (the "Motion"), for the reasons set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estates, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just, cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The time period in which Debtor must assume or reject unexpired leases ("Leases") pursuant to 11 U.S.C. § 365(d)(4)(B)(i) of the Bankruptcy Code shall be extended through and including April 28, 2025.

3. This Order shall not prejudice Debtor's right to request additional extension(s) of time to assume or reject Leases consistent with 11 U.S.C. § 365(d)(4) of the Bankruptcy Code.

4. Any further motions filed to extend the time within which Debtor may assume or reject Leases must be filed prior to the expiration of the extended time period.

5. Nothing contained within this Motion or this Order shall be construed as or deemed to be an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or applicable non-Bankruptcy law pertaining to the Leases.

6. Nothing contained within this Motion or this Order shall be construed as or deemed to be a waiver of the Office of the United States Trustee, Official Committee of Creditors, or any other party in interest's right to dispute any claim on any ground as it relates to the Leases.

7. Nothing contained within this Motion or this Order shall be construed as or deemed to be an admission or finding that any claim is an administrative expense claim or other priority claim as it relates to the Leases.

8. Nothing contained within this Motion or this Order shall be construed as or deemed to be a request or authorization by this Court to assume or reject any Leases pursuant to 11 U.S.C. § 365.

9. Nothing contained within this Motion or this Order shall be construed as or deemed to be an admission as to the priority, validity, perfection, or performance as to any security interest, lien or other encumbrance(s) upon any of Debtor's property of Debtor's estate as it relates to any Leases.

10. The relief granted herein shall not impact Debtor's ability to assume or reject Leases at a later date.

11. The Debtor is authorized but not directed to take all necessary actions to effectuate the rights granted pursuant to this Order in accordance with this Motion.

12. Notice of the Motion as provided herein shall be deemed good and sufficient notice

of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.