**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-2(C)

Julie M. Murphy
Stradley Ronon Stevens & Young, LLP
457 Haddonfield Rd., Suite 100
Cherry Hill, New Jersey 08002
T: (856) 321-2409
E-Mail: jmmurphy@stradley.com

*Attorneys for Citizens Bank, N.A.*

In re:

NOSTRUM LABORATOREIS, INC.,

Debtor.

Case No. 24-19611 (JKS)

Chapter 11
Judge: Hon. John K. Sherwood

## OBJECTION TO THE DEBTOR'S APPLICATION TO RETAIN BDA ADVISORS, INC. TO SERVE AS ADDITIONAL INVESTMENT BANKER

Citizens Bank, N.A. ("Citizens"), by and through its undersigned counsel, does hereby submit the following Objection a to the Debtor's Application to Retain BDA Advisors, Inc. to Serve as Additional Investment Banker (the "Retention Application"), and in support thereof avers as follows:

### INTRODUCTION

1.  On or about September 30, 2024 (the "Petition Date"), Nostrum Laboratories Inc. ("Nostrum" or the "Debtor") filed a voluntary petition for relief (the "Petition") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.  Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtor remains in possession of its assets and is, upon information and belief, operating its business as a debtor-in-possession and likely using cash collateral in violation of the Bankruptcy Code.

3.  On November 6, 2024, this Court approved the Debtor's retention of Raymond James & Associates, Inc. ("Raymond James") as the Debtor's exclusive investment banker to run a sale process to sell substantially all of the Debtor's assets.

4.      To-date, Raymond James has, among other things, prepared marketing materials, populated a data room, engaged with more than one hundred potential purchasers and collected numerous indications of interest for the Debtor's assets.

5.      As of February 14, 2025, the Court approved the bidding procedures (the "Bidding Procedures") designed to result in the closing of a sale by mid-April.

6.      Not only is the retention of a second investment banker unnecessary and confusing to the market, but the retention of a second investment banker, and the fees associated with such retention, impairs an already cumbersome process and adds an additional $1,000,000 in costs with no discernable benefit to the Debtor's estate.

7.      Much like the retention of the third bankruptcy counsel in four months, the retention of an additional investment banker is likely to hinder and to delay, rather than to facilitate, an orderly sales process and should be denied.

**RETENTION OF AN ADDITIONAL INVESTMENT BANKER IS NOT IN THE BEST INTERESTS OF THE ESTATE**

8.      The engagement of an additional investment banker risks delay and confusion in the sale process, which no party in interest in this case can afford.

**A.      The Debtor Cannot Afford Additional Delay**

9.      All constituents in this case agree that a sale is the only avenue by which creditors will receive any recovery.

10.      As the Debtor's monthly budgets show and as the dispute with McKesson highlights, the Debtor is operating with perilously little cash and Citizens cannot predict how long the Debtor will be able to continue operations absent an injection of cash or windfall in collections, neither of which are assured.

11.      Raymond James has commenced a sale process that, based on bidding procedures recently approved by the Court, is scheduled to result in the consummation of a sale or sales no later than mid-April 2025.

12. If Raymond James were to resign its position as investment banker because of the Debtor's breach of the exclusivity provision in the engagement agreement resulting from the Retention Application, the likely result would be a conversion of this case to a case under Chapter 7.

13. Additionally, Citizens will not agree to any extension of time in the Bidding Procedures to allow BDA to enter the marketing process, including to create marketing materials and to populate a data room or otherwise perform the services for which it seeks to be engaged. Such services would be duplicative of those already performed by Raymond James and would stretch the Debtor's already-thin employee resources.

14. The sale process has already been delayed – by nearly five (5) weeks – by the Debtor's retention of a third bankruptcy attorney. Any further delay in the sale process jeopardizes the entire case.

      **B.    Retention of an Additional Investment Banker is Unnecessary and Will Create Confusion**

15. At this critical juncture, it is imperative that the Debtor and its professionals speak with one voice when communicating to potential buyers regarding the Debtor's assets and the sale process.

16. The Debtor has not demonstrated the necessity for an additional investment banker and the risks of confusion to the marketplace outweigh the remote possibility of a benefit.

17. The Retention Motion does not allege that Raymond James has failed to adequately perform its services, has failed to reach out to potential purchasers nor that Raymond James failed to market the assets to potential purchasers in Europe and South Asia.

18. Rather, the Retention Motion alleges that BDA has contacts throughout Europe and South Asia.

19. Nothing in the Bidding Procedures or the Bankruptcy Code, however, precludes BDA from bringing potential purchasers into the sale process and seeking a buyer-paid commission

3

in connection therewith.

20. Retention of BDA by the Debtor, on the other hand, risks market confusion as to, among other things, which investment banker will communicate with estate professionals, which investment banker will run an auction and which investment banker is authorized to negotiate with potential purchasers.

21. Moreover, there is a risk that two investment bankers separately engaged will provide conflicting information to potential buyers.

22. For instance, to the Citizens' knowledge, BDA has not secured permission from Raymond James to utilize its marketing materials to run a process or reach out to potential buyers.

23. Thus, in addition to the confusion in the market potentially created by introducing a new advisor to the sale process, new marketing materials and a second data room create a risk of inconsistencies in the information supplied to potential purchasers. For instance, if BDA must create its own marketing materials and populate a data room, there is no certainty that the information contained will be identical to the information already received by potential bidders.

24. Finally, bids encumbered by an additional $1,000,000 fee to be paid to BDA will make determining the highest and best bid incredibly difficult, especially in an auction process.

25. Nothing precludes BDA from bringing interested parties into the process, nor from negotiating a fee arrangement with any such buyer. In fact BDA and all parties with whom the Debtor or its officers, directors and employees have contact are welcome to and should be encouraged to bring interested parties to the bidding process.

## CONCLUSION

Citizens respectfully requests that the Court deny the Retention Application.

.Date:    February 20, 2025

                                      STRADLEY, RONON, STEVENS & YOUNG, LLP

                                      */s/*   Julie M. Murphy
                                      Julie M. Murphy, Esquire
                                      Stradley Ronon Stevens & Young LLP
                                      457 Haddonfield Road, Suite 100
                                      Cherry Hill, NJ  08002
                                      Tel: (856) 321-2409
                                      Fax: (856) 321-2415
                                      E-Mail: jmmurphy@stradley.com

                                      *Counsel to Citizens Bank, N.A.*

6159721v.1

**CERTIFICATE OF SERVICE**

I, Julie M. Murphy, do hereby certify that the foregoing Objection to the Debtor's Application for Retention of BDA Partners as Additional Investment Banker has been filed on this Court's electronic filing system and served on all parties who have entered an appearance therein.

February 20, 2025

/s/ Julie M. Murphy
Julie M. Murphy

6159721v.1