| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| Timothy P. Neumann, Esq. [005081973] |
| Geoffrey P. Neumann, Esq. [59702019] |
| BROEGE, NEUMANN, FISCHER & SHAVER, LLC |
| 25 Abe Voorhees Drive |
| Manasquan, NJ 08736 |
| Tel.: (732) 223-8484 |
| Email: timothy.neumann25@gmail.com |
| Email: geoff.neumann@gmail.com |
| |
| *Proposed Substituted Counsel for Debtor-in-Possession Nostrum Laboratories, Inc.* |

| | |
|---|---|
| In re: | Case No.: 24-19611 |
| **NOSTRUM LABORATORIES, INC.**, | Chapter 11 |
| Debtor. | Honorable John K. Sherwood, U.S.B.J. |

**DECLARATION OF SIMON WEIN IN SUPPORT OF DEBTOR'S MOTION PURSUANT TO SECTIONS 105(A), 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004 AND 6006 FOR AN ORDER APPROVING THE SALE OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES AND THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

I, Simon Wein, declare as follows:

1.  I am a Director in the Capital Structure Advisory Group at Raymond James & Associates, Inc. ("Raymond James"), investment banker to the above-captioned debtor and debtor in possession (the "Debtor"). I submit this declaration (this "Declaration") in support of the Debtor's request, as set forth in *Debtor's Motion of the Debtor for Entry of an Order or Orders Approving the Sale of the Debtor's Assets Free and Clear of All Encumbrances and Approving the Assumption and Assignment of Executory Contracts and Unexpired Lease* (Dkt. 337) filed on April 4, 2025.

2. I am over the age of 18 years and authorized to submit this Declaration on behalf of the Debtor. I am not being specifically compensated for this testimony and Raymond James is receiving compensation only pursuant to its engagement letter, as approved by the Court.

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my discussions with other members of the Raymond James team, the Debtor's management team, and the Debtor's other advisors, my review of relevant documents and information concerning the Debtor's operations and financial affairs, or my opinions based upon my experience and knowledge. If called as a witness, I could and would testify competently to the facts set forth in this Declaration.

## BACKGROUND AND QUALIFICATIONS

4. Raymond James is a subsidiary of Raymond James Financial, Inc. ("RJF"), a publicly traded (NYSE: RJF) full-service global investment banking firm offering investment banking, equity research, wealth management, institutional and private brokerage, and other service offerings to individual and institutional clients. RJF and its subsidiaries employ over 17,000 individuals in the United States alone, of which over 650 provide investment banking advisory services to firm clients. Since 2019, Raymond James has participated in over 1,555 capital raises for its corporate clients and completed more than 965 M&A buy-side or sell-side advisory assignments.

5. Raymond James has a dedicated restructuring investment banking group of approximately 25 professionals with extensive experience advising companies, creditors' committees, and other constituents in complex situations involving underperforming or unsuitably capitalized businesses facing difficult financing conditions, liquidity crises, out-of-court restructurings, or bankruptcy proceedings. Investment bankers at Raymond James have advised

on, or been involved with, numerous restructuring-related or distressed transactions, both out-of-court and in chapter 11 cases, including, without limitation, sale, restructuring, reorganization, financing, financial opinion, and special advisory transactions. Some representative engagements that investment bankers at Raymond James have led in prior chapter 11 cases and restructurings include: *American Eagle Energy Corporation*, Case No. 15-15073 (KHT) (Bankr. D. Colo.); *American IronHorse Motorcycles, Inc*. Case No. 08- 40926 (RFN) (Bankr. N.D. Tex.); *ATLS Acquisition, LLC*, Case No. 13-10262 (LSS) (Bankr. D. Del.); *BI-LO, LLC,* Case No. 09-02140 (HB) (Bankr. D.S.C.); *Bluestem Brands, Inc.,* Case No. 20-10566 (MFW) (Bankr. D. Del.); *Buccaneer Energy*, Case No. 14-60041 (CML) (Bankr. S.D. Tex.); *Calpine Corporation,* Case No. 05-60200 (CGM) (Bankr. S.D.N.Y.); *CB Holding Corp.*, Case No. 10- 13683 (MFW) (Bankr. D. Del.); *CCNG Energy Partners, LP,* Case No. 15-70136 (TMD) (Bankr. W.D. Tex.); *Clarus Therapeutics Holdings, Inc.*, Case No. 22-10845 (MFW) (Bankr. D. Del.); *Color Spot Holdings, Inc.,* Case No. 18-11272 (LSS) (Bankr. D. Del.); *Dakota Plains Holdings, Inc.,* Case No. 16-43711 (MER) (Bankr. D. Minn.); *Diamond Glass Companies, Inc.,* Case No. 08-10601 (CSS) (Bankr. D. Del.); Gateway Ethanol, L.L.C., Case No. 08-22579 (DLS) (Bankr. D. Kan.); *GIORDANO'S LLC*, Case No. 11-06146 (ERW) (Bankr. N.D. Ill.); *Gulf Fleet Holdings, Inc.,* Case No. 10-50713 (JWK) (Bankr. W.D. La.); *Halt Medical, Inc.,* Case No. 17-10810 (LSS) (Bankr. D. Del.); *Hipcricket, Inc.,* Case No. 15-10104 (LSS) (Bankr. D. Del.); *HMX Acquisition Corp.,* Case No. 12-14300 (MEW) (Bankr. S.D.N.Y.); *Hooper Holmes, Inc.,* Case No. 18-23302 (RDD) (Bankr. S.D.N.Y.); *International Garden Products, Inc.,* Case No. 10- 13207 (KJC) (Bankr. D. Del.); *Just One More Restaurant Corp.,* Case No. 19-01947 (FMD) (Bankr. M.D. Fla.); *KeyLime Cove Waterpark, Inc.,* Case No. 09-14418 (KJC) (Bankr. D. Del.); *Loehmann's, Inc.,* Case No. 99-01138 (JHW) (Bankr. D. Del.); *LVI Intermediate Holdings, Inc.,* Case No. 20-11413 (KBO) (Bankr. D. Del.); *Max &*

3

*Erma's, Inc.,* Case No. 09-27807 (JAD) (Bankr. W.D. Pa.); *National Envelope Corporation,* Case No. 10-11891 (BLS) (Bankr. D. Del.); *Personal Communication Devices, LLC*, Case No. 13-74303 (AST) (Bankr. E.D.N.Y.); *Phoenix Payment Systems, Inc.,* Case No. 14-11848 (MFW) (Bankr. D. Del.); *PLx Pharma, Inc.,* Case No. 23-10456 (MFW) (Bankr. D. Del.); *Proteus Digital Health, Inc.,* Case No. 20-11580 (BLS) (Bankr. D. Del.); *Quanergy Systems, Inc.,* Case No. 22-11305 (CTG) (Bankr. D. Del.); *Renew Energy, LLC,* Case No. 09-10491 (RDM) (Bankr. W.D. Wis.); *Response Genetics, Inc.,* Case No. 15-11663 (LSS) (Bankr. D. Del.); *Robbins Bros. Corporation,* Case No. 09-10708 (PJW) (Bankr. D. Del.); *Santa Fe Gold Corporation*, Case No. 15-11761 (MFW) (Bankr. D. Del.); *SynCardia Systems, Inc.,* Case No. 16-11599 (MFW) (Bankr. D. Del.); *SP Newsprint Holding LLC,* Case No. 11-13649 (CSS) (Bankr. D. Del.); and *Teligent, Inc.,* Case No. 21-11332 (BLS) (Bankr. D. Del.).

6. The Raymond James Life Sciences practice provides comprehensive advisory and financing capabilities to innovative businesses in the biotechnology, specialty pharmaceutical and generic pharmaceutical sectors. This team of over 30 bankers provides clients with solutions based on Raymond James' deep relationships with company management teams as well as venture, private equity, and public market investors.

7. On November 6, 2024, the Debtor's retention of Raymond James as investment banker to the Debtor was approved [Docket No. 123]. In that capacity, members of the Raymond James team and I have been directly involved in the marketing and sale process described below.

**DEBTOR'S SALE PROCESS**

8. Raymond James has worked closely with the Debtor's management to analyze the Debtor's financial position, prepare marketing and diligence materials, and populate a digital data room (the "Data Room") for prospective parties interested in purchasing all or any portion of the Debtor's assets.

9. Beginning on or about October 31, 2024, Raymond James launched outreach to approximately 140 parties consisting of both strategic and financial buyers, which Raymond James selected based on its knowledge of the industry, relationships, and communication with the Debtor regarding historical interactions. Of these 140 parties, 43 ultimately signed non-disclosure agreements and received access to the Data Room maintained by the Debtor and conducted detailed due diligence.

10. The Final Cash Collateral Order entered on December 11, 2024 [Docker No. 186], established sale process milestones including a deadline of January 17, 2025, to receive non-binding indications of interest. By January 17, 2025, Raymond James successfully obtained eight initial indications of interest, which contemplated a variety of acquired asset structures, ranging from WholeCo bids to product-only bids.

11. On January 14, Raymond James was notified that Debtor's counsel was resigning and being replaced by Broege Neumann Fischer & Shaver, LLC. Following the receipt of initial bids, the sale process experienced multiple delays including, but not limited to:

(i) Counsel change created delays in drafting legal documents, including the form Asset Purchase Agreement.

(ii) Raymond James was informed that certain products are owned by Nostrum Pharmaceuticals LLC ("NPLLC"), the Debtor's parent company. This required the Company and the non-Debtor entity, NPLLC, to negotiate license agreements which needed to be approved by the Court. Approval occurred on January 28.

12. During these delays, Raymond James maintained regular communication with all active parties which was critical to preserve interest. The Bid Procedures Order was ultimately filed on February 14 [Docket No. 268], delaying the deadline to designate a Stalking Horse Bidder from February 18 to March 11 and establishing Monday, March 24, 2024, 5:00 p.m., Eastern Time, as the deadline for potential bidders to submit Qualified Bids for some or substantially all of the

5

Debtor's assets. On February 18, 2025, Raymond James provided a stalking horse process letter to all parties that submitted IOIs and sent the Bidding Procedures to all parties that had not previously explicitly passed on the opportunity.

13. Following the Stalking Horse Bid Deadline, and after consultation with the Consultation Parties, the Debtor and the Consultation Parties determined that selecting one or more stalking horse offers would not confer a commensurate benefit on the estate and that the Debtor would proceed to the Qualified Bid Deadline without selecting Stalking Horse(s). The Amended Bidding Procedures maintained the March 24 Qualified Bid Deadline.

14. On or before the Qualified Bid Deadline, the Debtor received eleven bids: (a) ANI Pharmaceuticals, Inc.; (b) Aviv Pharma Inc.; (c) Big Shoulders Capital XII, LLC and Federal Equipment Company; (d) Bionpharma Inc.; (e) Chartwell Pharmaceuticals LLC; (f) Everest Life Sciences LLC; (g) Kesin Pharma Corp.; (h) PAI Holdings, LLC; (i) Solis Pharmaceutical Inc.; (j) Strides Pharma, Inc.; and (k) Waterford Bank, N.A. which provided a credit bid for all of the real property and improvements thereon owned by the Debtor located in Bryan, Ohio. Subsequent to the March 24 Qualified Bid Deadline, on March 26, a twelfth bid was received from Lifsa Drugs LLC.

15. Following discussions with the Consultation Parties, Raymond James notified 11 out of the 12 parties that they had been conditionally approved as Qualifying Bidders. Because the submitted APAs failed to meet the Qualifying Bid requirements, these parties had to modify their APAs before being deemed a Qualified Bidder. In consultation with the Consultation Parties and pursuant to the Bid Procedures Order, both the deadline to notify parties whether they had been designated Qualifying Bidders as well as the Baseline Bid notification deadline were extended multiple times from March 26 and eventually was contemporaneous with the start of the auction

6

on April 1. Ultimately, all 11 bidders were deemed Qualifying Bidders prior to the start of the Auction.

16. Pursuant to the Bid Procedures Order, the Debtor conducted an auction of its assets in-person and via Zoom videoconference on April 1, 2025, at the offices of Raymond James at 320 Park Avenue, New York, New York, 10022. The auction was robust and included multiple rounds of overbidding on a variety of the Debtor's assets. The total sum of Successful Bid amounts was over 200% higher than the largest WholeCo bid received prior to the auction, which provided for an aggregate purchase price of $7,000,000. At the conclusion of the auction at approximately 12:15 a.m. on Wednesday, April 2, the Debtor, in consultation with the Consultation Parties, designated the Successful Bids and the Back-Up Bids, as set forth below.

## SUCCESSFUL BIDS

17. Consistent with the Bid Procedures Order and after consultation with the Consultation Parties, the Debtor designated ANI Pharmaceuticals, Inc. as the Successful Bidder, at a bid amount of $1,700,000, with respect to the following ANDAs:

    (i)    076756 Metformin (Glucophage) [1]

    (ii)    012546 TENUATE® DOSPAN

    (iii)    088629 Acetaminophen and Codeine Phosphate

    (iv)    076697 Carbamazepine

18. Consistent with the Bid Procedures Order and after consultation with the Consultation Parties, the Debtor designated Aviv Pharma Inc. as the Successful Bidder, at a bid amount of $600,000, with respect to the following ANDAs:

---

[1] The Debtor does not own this product. It is owned by the Debtor's parent company, Nostrum Pharmaceuticals, Inc. ("NPLLC") and licensed to the Debtor pursuant to a Product License and Product Purchase Agreement)between NPLLC and the Debtor dated December 9, 2024. The Debtor is assigning its rights under this agreement and not transferring title to the product.

    (i)      074127 Atenolol

    (ii)     075929 BACC

    (iii)    204705 Dutasteride

    (iv)    203087 Eszopiclone

    (v)     065468 Neomycin Sulfate

    (vi)    078472 Pioglitazone

    (vii)   091450 Pramipexole Dihydrochloride

    (viii)  073685 Lactulose (ACILAC)

    (ix)    073686 Lactulose (LAXILOSE)

    (x)     209560 Doxycycline Tablets

19. Consistent with the Bid Procedures Order and after consultation with the Consultation Parties, the Debtor designated Big Shoulders Capital XII, LLC, and Federal Equipment Company as the Successful Bidder, at a bid amount of $250,000, with respect to the equipment at the Bryan, OH facility.

20. Consistent with the Bid Procedures Order and after consultation with the Consultation Parties, the Debtor designated Bionpharma Inc. as the Successful Bidder, at a bid amount of $50,000, with respect to the following ANDA:

    (i)     209393 Doxycycline Capsules

21. Consistent with the Bid Procedures Order and after consultation with the Consultation Parties, the Debtor designated Chartwell Pharmaceuticals LLC as the Successful Bidder, at a bid amount of $4,625,000, with respect to the following ANDAs:

    (i)     074415 Sucralfate

    (ii)    090180 Promethazine Hydrochloride and Codeine Phosphate

    (iii)   088764 Promethazine, Phenylephrine Hydrochloride and Codeine Phosphate

22. Consistent with the Bid Procedures Order and after consultation with the Consultation Parties, the Debtor designated Everest Life Sciences LLC as the Successful Bidder, at a bid amount of $1,900,000, with respect to the Kansas City, MO facility and the following ANDAs:

(i) 074404 Atenolol and Chlorthalidone

(ii) 078149 BAC [2]

(iii) 076138 Ciprofloxacin

(iv) 076486 Enalapril Maleate and Hydrochlorothiazide

(v) 076723 Hydromorphone Hydrochloride

(vi) 090511 Levetiracetam

(vii) 207587 Methylphenidate Tablets

(viii) 090427 Nabumetone

(ix) 203600 Phendimetrazine Tartarate

(x) 074474 Pindolol (discontinued)

(xi) 203694 Ranitidine

(xii) 203394 Sevelamer Carbonate

(xiii) 011722 TENUATE®

(xiv) 078778 Tramadol Hydrochloride/Acetaminophen

(xv) 200430 Venlafaxine (discontinued)

(xvi) 204691 Acetazolamide

(xvii) 207237 Carisoprodol

(xviii) 203243 Clarithromycin

(xix) 090359 Mefenamic Acid

---

[2] With respect to this product, the Debtor is also assigning its rights and obligations under a Royalty Agreement between Nostrum Pharmaceuticals, Inc. and the Debtor dated December 12, 2024.

  (xx) 203832 Metformin (Fortamet)

  (xxi) 207726 Niacin

  (xxii) 205415 Pindolol

  (xxiii) 087400 Theophylline – 100 mg, 200 mg, 300 mg, and 450 mg [3]

  (xxiv) 040560 Theophylline – 400 mg and 600 mg

  (xxv) 205468 Venlafaxine

23. Consistent with the Bid Procedures Order and after consultation with the Consultation Parties, the Debtor designated Everest Life Sciences LLC as the Successful Bidder, at a bid amount of $275,000, with respect to the following ANDA:

  (i) 203179 Calcium Acetate

24. Consistent with the Bid Procedures Order and after consultation with the Consultation Parties, the Debtor designated PAI Holdings, LLC as the Successful Bidder, at a bid amount of $350,000, with respect to the following ANDA:

  (i) 077105 Valproic Acid

25. Consistent with the Bid Procedures Order and after consultation with the Consultation Parties, the Debtor designated Solis Pharmaceutical Inc. as the Successful Bidder, at a bid amount of $1,225,000, with respect to the following ANDAs:

  (i) 074118 Piroxicam

  (ii) 077708 Cilostazol

  (iii) 203887 Dapsone

  (iv) 085186 Elixophyllin

---

[3] The Debtor does not own these products. They are owned by the Debtor's parent company, Nostrum Pharmaceuticals, Inc. ("NPLLC") and licensed to the Debtor pursuant to a Product License and Product Purchase Agreement) between NPLLC and the Debtor dated December 9, 2024. With respect to this product, the Debtor is assigning its rights under this agreement and not transferring title to the product.

  (v)  210663 Hydrocodone Bitartrate /Homatropine Methylbromide

  (vi)  075292 Fluoxetine Hydrochloride

  (vii)  201011 Morphine Sulfate

  (viii)  201448 Oxycodone Hydrochloride and Acetaminophen [4]

  (ix)  202060 PEG-3350

26. Consistent with the Bid Procedures Order and after consultation with the Consultation Parties, the Debtor designated Strides Pharma, Inc. as the Successful Bidder, at a bid amount of $2,075,000, with respect to the following ANDAs:

  (i)  077723 Hydrocodone Bitartrate and Ibuprofen

  (ii)  204954 Methylphenidate Chewable Tablets

  (iii)  040891 Promethazine Hydrochloride

  (iv)  201355 Nitrofurantoin

27. Consistent with the Bid Procedures Order and after consultation with the Consultation Parties, the Debtor designated Waterford Bank, N.A. as the Successful Bidder, with a credit bid in the amount of $1,345,085, for the real property in Bryan, Ohio on which Waterford holds a mortgage.

28. The sum of the successful bids totals $14,395,085, which is over two-times the amount of the largest WholeCo Qualified Bid that was received prior to the commencement of the Auction.

**BACK-UP BIDS**

---

[4] With respect to this product, the Debtor is also assigning its rights and obligations under a Royalty Agreement between Nostrum Pharmaceuticals, Inc. and the Debtor dated December 12, 2024.

29. Consistent with the Bid Procedures Order and after consultation with the Consultation Parties, the Debtor designated Everest Life Sciences LLC as the Back-Up Bidder, at a bid amount of $4,000,000, with respect to the following ANDA:

    (i)    074415 Sucralfate

30. Consistent with the Bid Procedures Order and after consultation with the Consultation Parties, the Debtor designated Kesin Pharma Corp. as the Back-Up Bidder, at a bid amount of $150,000, with respect to the following ANDA:

    (i)    040891 Promethazine Hydrochloride

31. Consistent with the Bid Procedures Order and after consultation with the Consultation Parties, the Debtor designated PAI Holdings, LLC as the Back-Up Bidder, at a bid amount of $225,000, with respect to the following ANDAs:

    (i)    085186 Elixophyllin

    (ii)    210663 Hydrocodone Bitartrate /Homatropine Methylbromide

    (iii)    201011 Morphine Sulfate

    (iv)    201448 Oxycodone Hydrochloride and Acetaminophen

    (v)    202060 PEG-3350

32. Consistent with the Bid Procedures Order and after consultation with the Consultation Parties, the Debtor designated Solis Pharmaceutical Inc. as the Back-Up Bidder, at a bid amount of $1,075,000, with respect to the following ANDAs:

    (i)    076697 Carbamazepine

    (ii)    077105 Valproic Acid

33. Consistent with the Bid Procedures Order and after consultation with the Consultation Parties, the Debtor designated Strides Pharma, Inc. as the Back-Up Bidder, at a bid amount of $1,400,000, with respect to the following ANDAs:

      (i)      088629 Acetaminophen and Codeine Phosphate

      (ii)      203887 Dapsone

      (iii)      203179 Calcium Acetate

      (iv)      075292 Fluoxetine Hydrochloride

      (v)      090180 Promethazine Hydrochloride and Codeine Phosphate

## **CONCLUSION**

34. The marketing process was effective in clearing the market and identifying the highest or otherwise best bids for the Assets. The time period for marketing the Assets was adequate, and the outcome from the sale process yielded the highest and best value for the Assets, and the best possible outcome for the Debtor and its estate under the circumstances, as partially reflected by the docket in this case and particularly given the multiple delays.

Based upon the foregoing, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 7, 2025

                                        */s/ Simon Wein*
                                        Simon Wein
                                        Director
                                        Raymond James & Associates, Inc.