UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 AND 9
Fran B. Steele, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email:  Fran.B.Steele@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In re: | : | Case No. 24-19611 (JKS) |
|  | : |  |
|  | : | Chapter 11 |
| Nostrum Laboratories, Inc., | : |  |
|  | : | The Honorable John K. Sherwood |
|  | : |  |
| Debtor. | : | Hearing Date: April 28, 2026, at 10:00 a.m. |
|  | : |  |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY THE UNITED STATES TRUSTEE UNDER 11 U.S.C. §1112(b) FOR AN ORDER CONVERTING CASE TO CHAPTER 7, OR, IN THE ALTERNATIVE, DISMISSING CASE**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 (the "U.S. Trustee"), by and through counsel, in furtherance of his duties and responsibilities, hereby files this Memorandum of Law in Support of an Order Converting the Case to a Case Under Chapter 7, or Alternatively, Dismissing the Case ("Motion"), whichever the Court finds to be in the best interests of creditors and the bankruptcy estate, on the grounds that the Debtor has failed to file all monthly operating reports ("MORs").

## BACKGROUND

The facts recited below are supported by the Certification of Tina Oppelt, Paralegal, in Support of the Motion of the United States Trustee for an Order Converting or Dismissing Case filed herewith.

1.      On September 30, 2024 ("Petition Date"), Nostrum Laboratories, Inc., (the "Debtor") filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code.  ECF No. 1.

2.      The Debtor remains in possession of their property and management of their affairs. *See* Certification of Tina Oppelt, Paralegal at § 3.

3.      A meeting of creditors was held on December 4, 2024. *Id*. at § 4.

4.      As of the date of this Certification, the Court docket reflects that the last monthly operating report filed was for the month of April 2025.  *Id*. at § 5.

## ARGUMENT

### A. Cause Exists to Convert or Dismiss this Case.

5.      11 U.S.C. § 1112(b)(1) provides, in pertinent part:

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

6.      "Cause" is defined in 11 U.S.C. § 1112(b)(4) as including, among other things–

> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter[.]

7.      It is well settled that the list of factors constituting "cause" are not exhaustive.  The legislative history for the statute provides in part, "[t]he court will be able to consider other factors, and to use its equitable powers to reach an appropriate result in individual cases."  H. Rep. 595, 95th Cong., 1st Sess. 406 (1977).  *See In re Pittsfield Weaving Company*, 393 B.R. 271, 274 (Bankr. D.N.H. 2008) (Section 1112(b)(4) provides a non-exhaustive list of "causes" for conversion or dismissal).

**B.      Cause Exists to Convert This Case Based on Failure to File MORs**

8.      Pursuant to 11 U.S.C. §§ 704(7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, a debtor is required to supply certain reports concerning the estate's administration and the operation of the debtor's post-petition business as prescribed by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases which were distributed to the Debtor at the inception of the case.

9.      Here, the Debtor has failed to comply with the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases in violation of §1112(b)(4)(F).  The Debtor has failed to file MORs with the Office of the United States Trustee since April 2025.

10.     The Debtor's failure to file these reports hinders the Court's, the U. S. Trustee's and the creditors' ability to monitor the operations of the Debtor.  For example, in the absence of reports, it is impossible to determine whether the Debtor has sufficient income to stay current with his post-petition obligations, whether the Debtor has paid the correct quarterly fees to the U.S. Trustee, or whether the Debtor has the ability to confirm a feasible plan of reorganization within a reasonable period of time.

11.     As the Debtor is behind with MORs, the case should be converted or dismissed pursuant to 11 U.S.C. § 1112(b)(4)(F).  Even if this Court denies the U.S. Trustee motion, the

Debtor should be required to make additional disclosures in the MORs to show his complete financial condition in order to determine if a feasible plan can be proposed.

**C.      Conversion or Dismissal**

12.      Once cause is established, the Court must determine if conversion or dismissal is in the best interests of creditors and the estate.

13.      The U.S. Trustee submits that conversion would be in the best interest of creditors and the estate to allow a trustee to determine if the Debtor's property or properties have value beneficial to unsecured creditors.

<u>**CONCLUSION**</u>

WHEREFORE, for the foregoing reasons, the U.S. Trustee respectfully requests that this Court enter an order either converting the case to chapter 7 or dismissing the case, whichever the Court finds to be in the best interests of creditors and the bankruptcy estate, and that this Court grant such other and further relief as is deemed just and equitable.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 AND 9


By: */s/ Fran B. Steele*
      Fran B. Steele
      Trial Attorney

DATED: March 31, 2026